# CHARLESTON.

JOHN CANFIELD v. WEST VIRGINIA CENTRAL GAS CO.

Submitted September 5, 1917.   Decided September 25, 1917.

1. GAS—*Storage in Service Pipe—Negligence.*

Failure of a gas company, on discontinuance of the use of its gas by a patron, to cut it off at the street valve, so as to exclude it from the service pipe, and its cutting it off at the meter valve, so as to leave it stored in the service pipe up to the meter valve, do not constitute negligence *per se.* (p. 733).

2. SAME—*Storage in Service Pipe—Inspection—Maintenance and Repair.*

By so incidentally storing its gas in the service pipe and on the premises of the former patron, the gas company subjects itself to the duty and burden of inspection, maintenance and repair of such service pipe, while it is so used. (p. 734).

3. SAME—*Storage in Service Pipe—Inspection and Repair—Negligence.*

But such burden and duty do not extend to provision against danger from a concealed opening or defect made in such pipe by persons other than its own agents, servants or employees, unless it has knowledge thereof or of facts and circumstances sufficient to put it upon inquiry respecting the same, or to raise a reasonable suspicion of its existence. (p. 734).

4. PLEADING—*Declaration—Sufficiency.*

To be sufficient, a declaration must set forth such facts as, in law, impose a duty upon the defendant in favor of the plaintiff, and aver a breach thereof in appropriate terms. (p. 737).

5. GAS—*Action for Damages—Sufficiency of Declaration.*

A declaration against a gas company, claiming right of recovery for the loss of a house and its contents, occasioned by an explosion of gas escaping from a pipe invisibly and fraudulently connected with a service pipe in which the defendant's gas is stored, at a point under the house and between the street valve and the meter valve, by a former owner of the property, and containing no averment of knowledge thereof on the part of the defendant, nor of any fact or circumstance sufficient to put it upon inquiry, nor of such openness or visibility as would render it discoverable by a reasonable and prudent inspection, is insufficient. (p. 737).

Action by John Canfield against the West Virginia Central Gas Company. Demurrer to declaration overruled and question of pleading certified by the trial court.

*Demurrer sustained. Remanded.*

*A. M. Cunningham* and *Neil Cunningham,* for plaintiff.

*Talbott & Hoover,* for defendant.

POFFENBARGER, JUDGE:

The demurrer, the overruling of which is complained of, on a question of pleading certified by the trial court, challenges the sufficiency of a declaration claiming right of recovery for failure of the defendant company, on discontinuance of the use of its gas by an occupant and owner of a house, to shut off the supply of gas to the service pipe, at the street or service valve, and to inspect its gas pipes and lines to such an extent as to discover a secret pipe wrongfully attached to the service pipe, between that valve and the meter, and carried into the house by the owner, and disconnect the same, in consequence whereof the plaintiff, a purchaser of the property, subsequently moving into the house, supposing it to be free from gas and ignorant of the secret connection, unintentionally and innocently set it on fire and burned it together with its contents, by removal of the pipe, occasioning

an escape of gas which a lamp in the hand of his wife ignited.

The declaration proceeds on the theory of negligence. It imputes no willful or intentional wrong to the defendant. Such conduct is imputed only to the former owner, as a means of defrauding the defendant, not the plaintiff. The purpose of his installation of the secret pipe was to get the defendant's gas into the house through this pipe, instead of through the meter, and thus avoid a claim for compensation for it, but his vendee suffered injury from it, not intended by the perpetrator of the fraudulent act. Compensation for the injury is claimed from the defendant, on the ground of alleged omission of duty on its part, to exclude its gas from the secret pipe and from the premises, when the former owner moved out and discontinued the use of gas, by shutting off the supply at the street or service valve, or by discovery of the secret pipe, in the exercise of the duty of inspection, and removal thereof. The gas was shut off at the meter valve which was between the fraudulent connection and the entry of the secret pipe into the house. If it had been shut off at the other valve, there would have been no gas in the pipe from which it escaped into the house. Absolute duty on the part of the defendant, to shut off the gas at the street, is insisted upon. It is also contended that permission of the gas to remain in the service pipe on the plaintiff's premises made that pipe, for the purposes of the case, the defendant's pipe, and subjected it to the same duty of inspection thereof as devolved upon it in respect to the pipes it actually owned and used in the conveyance and storage of its gas.

For the proposition that the failure to shut off the gas at the street and exclude it from the service pipe leading to the house, or rather, to the point at which the meter valve was, amounted to negligence *per se*, only one case is cited that seems to sustain it, namely, *Creel* v. *Charleston Natural Gas Co.*, 51 W. Va. 129, but, on a full and complete analysis of the opinion, it cannot be regarded as having actually asserted the proposition. If there asserted at all, it was merely conceded for the purposes of argument, and without any investigation or citation of authority. If the language of the opinion is to be taken literally, it is susceptible of two or

three constructions, under one of which, the defendant was absolved from negligence. It says: "The accumulation of the gas under the floor was occasioned by the negligence of Cavin and Ferguson in not immediately closing the pipe opened by them after they were aware of the alleged negligence of the defendant and the explosion was occasioned by the negligence of Cavin in throwing the lighted match into the gas after it had so accumulated. * * * * They were the cause of it." On the other hand, it is true that the opinion speaks of the negligence of the defendant in not having cut the gas off. The judge may have meant, however, to assert duty to cut it off after notice to do so and after the danger was discovered since that issue was involved. *Lannen* v. *Albany Gas-Light Co.*, 44 N. Y. 459, did not involve the question we have here. At the time of the accident, the gas company was still furnishing gas to the house. In *Lanigan* v. *New York Gas-Light Co.*, 71 N. Y. 29, the use of gas had been discontinued, but the negligence charged and conceded by the court was, not failure to shut off the gas at the street, but failure to cap and close the service pipe upon the premises so as effectually to exclude the gas from the cellar and store. In *Pulaski Gas Light Co.* v. *McClintock*, 32 L. R. A. N. S. 825, the act of negligence was declared to be, not failure to shut off the gas at the street, but the running of a new service pipe into the property, without knowledge of the owner, and disconnection of the old one at the street, producing a situation which deceived and lured him to his injury. In *Manning* v. *St. Paul Gas-Light Co.*, 129 Minn. 55, the injury was occasioned by a leaky pipe, while the defendant was furnishing gas to the plaintiff's decedent.

The storing of gas by a gas company in the service pipe of a former customer, on his premises, after his discontinuance of the use of gas, cannot be deemed to be an act of negligence, merely because there is no legal right in the gas company so to store its gas; for, if lack of legal right of occupancy amounted to negligence, every person wrongfully leaving any object on the premises of another, however harmless it might be, would be guilty of negligence and might be liable for any

injury resulting from it. Gas so stored is not more danger-
ous than gas stored elsewhere in pipes and tanks, if the ser-
vice pipe in which it is stored is sufficient and in good condi-
tion. Since the gas, in such case, belongs to the gas com-
pany, and is a dangerous agency, the law imposes upon its
owner duty to exercise care in the storing thereof, to the end
that injury may not result. For the purposes of custody and
control of his gas, he makes the service pipe his own and is
bound to maintain it in good and safe condition, as long as
he so uses it. To require this is reasonable, just, consistent
with the views expressed by the courts generally and suffi-
cient as a safeguard against injury. In *Brady* v. *Consoli-
dated Gas Co.,* 85 Md. 637, it was specifically and directly
held that it is not *per se* negligence on the part of a gas com-
pany to leave a supply pipe in a building in which gas is
no longer used. Upon this authority and the considerations
just stated, the expressions in *Creel* v. *Charleston Natural
Gas Co.,* importing that failure of the gas company to turn
off the gas at the street valve, on discontinuance of the use
of gas in a building, is negligence *per se,* are disaproved.

The duty to inspect the service pipe on the premises, in
which the defendant left its gas, did not extend to provision
against things the existence of which it was under no duty to
foresee or suspect, nor to effort to discover the existence
thereof. Nowhere is the duty of inspection more rigidly en-
forced, than in the law of master and servant; and, in that
department of the law, it extends only to those things the
master ought to have known and was under a duty to know.
*Hoffman* v. *Dickerson,* 31 W. Va. 142; *Johnson* v. *Chesa-
peake & Ohio Railroad Co.,* 36 W. Va. 73; *Humphries* v.
*Newport News & Railroad Co.,* 33 W. Va. 135.

None of the authorities carry the principle beyond this
point, in the application thereof to persons using and control-
ling electricity and gas. In *Koelsch* v. *Philadelphia Co.,*
152 Pa. 355 the court stated the rule as follows: "While no
absolute standard of duty in dealing with such agencies can
be prescribed, it is safe to say in general terms that every rea-
sonable precaution suggested by experience and the known
dangers of the subject ought to be taken. This would re-

quire, in the case of a gas company, not only that its pipes and fittings should be of such material and workmanship, and laid in the ground with such skill and care, as to provide against the escape of gas therefrom when new, but that such system of inspection should be maintained as would insure reasonable promptness in the detection of leaks that might occur from the deterioration of the material of the pipes, or from any other cause within the circumspection of men of ordinary skill in business.'' This was approved and applied in *Denver Consolidated Electric Co.* v. *Lawrence,* 31 Colo. 301, Am. Elec. Cases 617. A gas company is bound to inspect for discovery of leaks due to defects in materials, deterioration of pipes and valves, displacement or dislocation by accident, the weather and the like; because it knows these things often occur. But it is justified in assuming that no stranger will deliberately and wantonly interfere with its pipes, or pipes it is using, and render them secretly and latently dangerous, in the absence of knowledge of such interference or of such facts as are sufficient to put it upon inquiry, for, in law, there is a presumption in favor of right action and against wrongful action. Accordingly it was held in *McKenna* v. *Bridgewater Gas Co.,* 193 Pa. 633, in which the superintendent of one company, in an effort to supply gas to its customers, unwittingly connected a high pressure line of another company with its low pressure line and so caused an explosion, thinking he was combining two of his own lines, the court held that the defendant was not bound to maintain a line of sentries the length of its route to keep off trespassers, nor by personal inspection at frequent intervals during the day to ascertain whether some other gas company had mistaken defendant's line for its own, and tampered with its valves. On the same principle, it was held in *Harter* v. *Light and Power Co.,* 124 Ia. 500, that a presumption that the injury resulted from negligence of one who furnishes electricity, does not obtain where it is shown that the negligence of a third person intervened. The principle stated and the authorities just cited negative any duty on the part of the defendant to inspect the service line for the discovery of the pipe, wrongfully attached to it and con-

veying the gas therefrom into the building, unless it was open and patent so as to render it discoverable by ordinarily careful inspection.

To be sufficient, a declaration must aver such facts as legally impose a duty upon the defendant in favor of the plaintiff, and then aver a breach of that duty. Since a latent defect in a gas company's pipe, wrongfully made by a third person, without the knowledge of the company, is not such a one as it is bound to look for, in the exercise of its duty of inspection, and the declaration neither avers that the defect was such as could have been discovered by the inspection required by law, nor that the defendant had any knowledge of its existence or of facts sufficient to put it upon inquiry as to the matter, or raise a suspicion of the existence of the defect, it does not set forth sufficient facts to show a duty from the defendant to the plaintiff, respecting the defect causing the injury complained of. There is no allegation of injury occasioned by an insufficient or defective pipe or valve, which might have been prevented by inspection and repair. The declaration attributes the injury solely to the presence of gas in the pipe wrongfully connected with the service line. As this connection is alleged to have been under the residence it was concealed. It is further alleged that it was made with "the criminal and fraudulent idea of procuring gas from the gas company's service line to a great extent free of charge," wherefore it must have been secret and hidden. An open and patent one would not have effected the purpose alleged.

The order complained of will be reversed, the demurrer sustained and the case remanded with leave to the plaintiff to amend his declaration.

*Demurrer sustained. Remanded.*