## DEMING LADIES' HOSPITAL ASS'N v. PRICE.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1921.)

No. 5866.

1. **Charities** ⬉45(2)—**Association maintaining hospital as charity not liable for negligence of employés.**

    An association which maintains a hospital as a charity is not liable for the malpractice of the physicians or the negligence of the attendants it employs, but is responsible only for its own want of ordinary care in selecting them, and this though a charge for services rendered is made to those who are able to pay.

2. **Principal and agent** ⬉23(1)—**Agency cannot be established by declarations of alleged agent.**

    Agency cannot be established by the declarations of the alleged agent to third persons.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Action at law by Beatrice H. Price against the Deming Ladies' Hospital Association. Judgment for plaintiff, and defendant brings error. Reversed.

A. B. Renehan, of Santa Fé, N. M. (Renehan & Gilbert, of Santa Fé, N. M., and R. F. Hamilton, of Deming, N. M., on the brief), for plaintiff in error.

H. B. Jamison, of Albuquerque, N. M., for defendant in error.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

YOUMANS, District Judge. The complaint of defendant in error in the court below set out three causes of action for personal injury alleged to have been caused by the negligence of the plaintiff in error. The case went to the jury on the first cause of action. The allegations of negligence are as follows:

"That said plaintiff, on said March 6, was operated upon in said hospital for appendicitis, and during such operation was put under the influence of an anæsthetic, and that after said operation said plaintiff was taken by agents of said association from the operating room where said operation had been performed, and was taken to a room in said hospital, still under the influence of said anæsthetic and totally unconscious, and that while under the influence of said anæsthetic the said Deming Ladies' Hospital Association, through one of its agents, a certain Miss Schilling, whose first name is to the plaintiff unknown, negligently caused and permitted certain metal hot water vessels, which vessels contained water at an exceedingly high temperature, to be placed against the legs and feet of this plaintiff while she was still under the influence of said anæsthetic and totally unconscious, and thereafter permitted said metal hot water vessels to remain in proximity to and against the legs and

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

feet of said plaintiff for a long time, at all of which times said defendant, by said Miss Schilling, knew that said vessels were, in such a position, dangerous to the life and limbs of said plaintiff.

"That by reason of said acts said plaintiff's legs were frightfully roasted and burned, and that thereby she has suffered continually since said time excruciating mental and physical anguish and torture, and that said act has caused permanent injuries to her legs and feet, and that even now she is unable to walk without the aid of a crutch, and that said injuries have caused a severe permanent shock to her nervous system, all of which is to the damage of the plaintiff in the sum of $20,000."

The answer sets up two defenses: (a) That plaintiff in error was a charitable association; and (b) denies that Miss Schilling was an agent or employé of the hospital association. The court ruled that the fact that the hospital was a charitable association was not a defense. As the case went to the jury, the issue was whether Miss Schilling was an agent or employé of the hospital, and, if so, whether she had been negligent.

The assignments of error may be grouped under four heads:

(1) The refusal of the court to instruct the jury that the hospital was not liable because it was a charitable institution.

(2) Because the court admitted incompetent testimony to prove that Miss Schilling was an agent and employé of the hospital.

(3) That the court erred in refusing to instruct the jury that the testimony was insufficient to show that Miss Schilling was an agent or employé of the hospital.

(4) The refusal of the court to instruct the jury that the agency of Miss Schilling could not be determined by her statements or her conduct.

[1] The defendant in error, in her reply to the answer of the plaintiff in error, admitted that the hospital association was a charitable corporation. At the conclusion of the plaintiff's testimony the attorney for the hospital association offered in evidence its articles of incorporation. This was objected to by the attorney for the plaintiff on the ground that it was admitted by the pleadings that the hospital association was a charitable association. Testimony was introduced by the plaintiff showing that the hospital received pay from such patients as were able to pay, and that particularly it received pay from the plaintiff. The court denied the request of the hospital association to instruct the jury to return a verdict for it, upon the ground that it was not liable by reason of the fact that it was charitable corporation.

The refusal of the court to so instruct was excepted to, and the action of the court is assigned as error. In the case of Union Pacific Railroad Co. v. Artist, 60 Fed. 365–368, in an opinion by Judge Sanborn, the following rule is laid down:

"The rule is that those who furnish hospital accommodations and medical attendance, not for the purpose of making profit thereby, but out of charity, or in the course of the administration of a charitable enterprise, are not liable for the malpractice of the physicians or the negligence of the attendants they employ, but are responsible only for their own want of ordinary care in selecting them."

The same rule is laid down in the case of Powers v. Massachusetts Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L. R. A. 372,

in the Circuit Court of Appeals for the First Circuit; also in the case of Paterlini v. Memorial Hospital Association of Monongahela City, Pa., et al., 247 Fed. 639, 160 C. C. A. 49, from the Circuit Court of Appeals of the Third Circuit. In the last case a petition for certiorari was denied by the Supreme Court. 246 U. S. 665, 38 Sup. Ct. 334, 62 L. Ed. 929. The same rule is recognized in the following cases: Arkansas Midland R. Co. v. Pearson, 98 Ark. 399, 135 S. W. 917, 34 L. R. A. (N. S.) 317; Thomas v. German General Benevolent Society, 168 Cal. 183, 141 Pac. 1186; Johnston v. City of Chicago, 258 Ill. 494, 101 N. E. 960, 45 L. R. A. (N. S.) 1167, Ann. Cas. 1914B, 339; University of Louisville v. Hammock, 127 Ky. 564, 106 S. W. 219, 14 L. R. A. (N. S.) 784, 128 Am. St. Rep. 355; Jensen v. Maine Eye & Ear Infirmary, 107 Me. 408, 78 Atl. 898, 33 L. R. A. (N. S.) 141; Thornton v. Franklin Square House, 200 Mass. 465, 86 N. E. 909, 22 L. R. A. (N. S.) 486; Duncan v. Nebraska Sanitarium & Benevolent Association, 92 Neb. 162, 137 N. W. 1120, 41 L. R. A. (N. S.) 973, Ann. Cas. 1913E, 1127; Schloendorff v. Society of New York Hospital, 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915C, 581; Barden v. Atlantic Coast Line Railway Co., 152 N. C. 318, 67 S. E. 971, 49 L. R. A. (N. S.) 801; Taylor v. Protestant Hospital Association, 85 Ohio St. 90, 96 N. E. 1089, 39 L. R. A. (N. S.) 427; Gable v. Sisters of St. Francis, 227 Pa. 254, 75 Atl. 1087, 136 Am. St. Rep. 879; Gitzhoffen v. Sisters of Holy Cross Hospital Association, 32 Utah, 46, 88 Pac. 691, 8 L. R. A. (N. S.) 1161; Wharton v. Warner, 75 Wash. 470, 135 Pac. 235. The same cases sustain the proposition that payment for services rendered in such a hospital by those that are able to pay does not constitute an exception to the rule.

The court erred in refusing the request based upon the fact that the hospital association was a charitable corporation.

[2] As before stated, the case went to the jury upon the issue whether Miss Schilling was an agent or employé of the hospital. That agency was sought to be established by what Miss Schilling herself had said and done. The husband of the plaintiff was called as a witness in plaintiff's behalf. He was permitted by the court to answer certain questions with reference to what Miss Schilling did in connection with the operation on his wife, and the fact that she attended during the operation in the operating room and afterwards attended the wife in her own room after the operation was over. Then, with reference to Miss Schilling, this question was asked the witness Price:

"Did she say anything to you or you to her?"

The attorney for the hospital made the following objection:

"I object to any declaration between Miss Schilling and Mr. Price at this time, on the ground it is immaterial, irrelevant, and incompetent, and not a direct declaration called for by her in court, but to a third person. It is not, therefore, such declaration of an alleged agent as is admissible."

To that the attorney for the plaintiff made this statement:

"We desire to state that this declaration by Miss Schilling at or about this time is admissible as an agent, it occurring at the time, to show what she was

doing about the hospital, and agency may be proved by circumstantial evidence as well as direct. And the fact that she made this remark to explain what she was doing is competent testimony in this case, and, taken in connection with her acts was in the scope of her authority, was within the scope of her duties and connected with her duties, and therefore admissible."

Attorney for defendant then made this statement to the court:

"We object on the further ground, after hearing the argument of counsel, that no agency has been established, and it is an attempt to establish agency by a declaration of the alleged agent to a third person, and is not the declaration of the agent made to a witness in court, for instance, and is hearsay, because agency cannot be established by the declaration of the agent to a third person."

The question was withdrawn. Then the following questions and answers were made:

"Q. Mr. Price, did you or Mrs. Price ever employ Miss Schilling as a nurse? A. No.
"Q. Did you ever receive a bill from her for services? A. No, sir.
"Q. Now, then, what did she say to you, or you to her?
"Mr. Renehan: Same objection.
"The Court: Overruled.
"Mr. Renehan: Exception.
"A. I saw her working in the operating room, and I thought it was—
"Mr. Renehan: I object to what he thought.
"The Court: Objection sustained.
"A. I said, 'You seem to be pretty busy—have lots to do;' and she said, 'Yes; I am on general, and it keeps me busy.'"

On redirect examination the same witness was by the attorney for the plaintiff asked this question:

"Did you learn afterwards, from observation and experience, what 'on general' in a hospital meant?"

Attorney for defendant then made this objection:

"Objected to on the ground that it is hearsay testimony, as he appears, by this question, to be expected to say that he had learned what 'on general' meant from some other source, and he does not know except by communication."

The objection was overruled and exception taken. Then this question was asked by attorney for plaintiff.

"What does it mean?
"Mr. Renehan: Same objection.
"The Court: Same ruling.
"Mr. Renehan: Exception.
"A. Taking care of patients and doing the little jobs about the hospital—taking care of patients after they are well enough to do without their own regular or special nurse."

The objections to this question should have been sustained. The rule with regard to the proof of agency is stated in volume 22 of Corpus Juris, 376, as follows:

"Unless the agency is already apparent or is admitted, or unless the statement has been ratified, the relation of agency between the declarant and the person against whom it is sought to use his admission must be established by affirmative evidence other than the declarations or statements of the alleged agent."

This rule is sustained by the authorities. In the instant case the agency of Miss Schilling was not apparent. It was not only not admitted, but it was denied. The statement of Miss Schilling is not shown to have been ratified.

Moreover, we think that the testimony thus introduced, even if it had been admissible, would not have been sufficient to warrant the inference on the part of a jury that Miss Schilling was an agent or employé of the hospital. We think, also, in any view of the case, that the court should have given to the jury the instruction requested on behalf of the Hospital Association that the agency of Miss Schilling could not be determined by her statements and her conduct.

The judgment is reversed, and the cause is remanded for a new trial.