# CHARLESTON.

ORLANDO DIOTIOLLAVI, *etc., v.* UNITED POCAHONTAS COAL CO.
(No. 5323.)
Submitted January 27, 1925.     Decided February 3, 1925.
Rehearing denied March 9, 1925.

1.  DIOTIOLLAVI *v.* COAL COMPANY—*Affirmed in Part.*
    A case affirming points 1, 2, and 3 of the syllabus of *Diotiollavi* v. *Coal Company*, 95 W. Va. 692.   (p. 117).

2.  PLEADING—*Declaration in Action for Personal Injuries Based on Negligence Must Allege the Duty, Aver Negligence and Specify Act Working Injury But Not Evidential Facts of Negligence.*

> In an action for personal injuries based on negligence, the declaration must allege the duty, aver negligence in its performance, and specify the act working the injury, but need not detail all the evidential facts of negligence.  (p. 118).

Error to Circuit Court, McDowell County.

Action by Orlando Diotiollavi, infant, etc., against United Pocahontas Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders, Crockett, Fox & Sanders,* for defendant in error.
*Strother, Sale, Curd & Tucker,* for plaintiff in error.

HATCHER, JUDGE:

From a judgment for $15,000 in favor of the plaintiff, rendered by the circuit court of McDowell county, the defendant brings error.

This is the second time this action has been here. The former decision is reported in 95 W. Va. 692, 122 S. E. 161. The opinion, prepared by Judge LIVELY, contains such a complete statement of the facts surrounding the injury to the plaintiff, as well as of the law applicable to the case, that any amplification thereof herein is unnecessary. The law of that decision remains the law of the case unless the facts developed at the last trial are materially different in some respects from those at the former trial. The defendant asserts that there is such material difference between the facts proven in the two trials, and that the conclusions of law in the former decision are not applicable to the case now.

We held before, that the plaintiff was an invitee of defendant at the place where he was injured. In the last trial the defendant attempted to change this status of the plaintiff by proof: (*a*) that signs, upon which were printed in English the words "Private Property, No Trespassing," were attached to posts along the track at the place of the injury; (*b*) that notices were posted "thereabouts" forbidding trespassing; (*c*)

that the foremen cautioned "these people" about "these children" being on the track; and (*d*) that one of the foremen asked one Frank Stock, who talked "their language," to go to "these people and tell them to keep their children from playing around these tracks."

We infer that by "these people" the witness meant such of defendant's Italian laborers as understood English. The plaintiff's father was an Italian, but there is no evidence that he was ever so cautioned. On the contrary, he denies knowledge of any objection by defendant to the use of the track by children.

The trespass notices applied only to trespassers, not to employees of the company who were not trespassers. So long as plaintiff's father remained in the employment of defendant, and had no notice of the defendant's order or warning as to use of the track by children, and so long as children were still allowed by defendant to use the track, the evidence warrants no change in the view that plaintiff was an invitee at the place of his injury, no matter how others may have been affected who actually knew of or received defendant's orders.

At the last trial the man who coupled the cars for defendant testified that he coupled to the trip the particular car that injured plaintiff. As this witness did not testify at the first trial, this evidence is singled out with confidence by defendant as another material variation from that of the former trial.

However, the fact remains in the case, unexplained, as at the former trial, that the car which injured plaintiff was running unattached, and unattended by any representative of the defendant, at the time of the injury. If this particular car had been the first car which had come down that track unattended, the defendant could contend with better grace that it had satisfied the demand for the reasonable care and diligence encumbent on it, when its servant properly coupled this car to the trip before the trip left the gathering place in the mine. But the undisputed, unexplained evidence of one of the witnesses for plaintiff is that for many years she had observed single cars, at intervals of sometimes one week, sometimes one month, come down that track unaccompanied so far as she could observe. As her home was within a few feet of

the track, we must conclude that if these single cars had been attended, the attendants would not have been hidden from view, but would have been in a position where they could see the track ahead, and so have been visible to her. According to this evidence, therefore, some agency was occasionally permitting or causing these unattended cars to leave the mine entry, and at such frequent intervals that we must imply notice thereof to the defendant. Yet it offered no evidence of any attempt on its part to ascertain why or to prevent the escape of these unattached cars.

After asking one Italian to caution the other Italians about letting their children play around the track, the defendant seems to have lost interest in the matter, as there is no evidence that it afterward sought to learn whether Stock communicated to his countrymen the warning requested. As the children continued to use the track, it should then have been apparent to the company that the warning had not been received, or, if received, that it was being disregarded. There were several ways by which the company could have prevented the use of this track by the children, but, while realizing the danger of such use, it took no effective methods to prevent the use. Defendant's evidence failed to convince the jury that it had used the reasonable care required by law. The jury, therefore, refused the defendant absolution for the ruthless deed of that uncontrolled car. We cannot say the jury erred in this respect, neither do we change our holding that the plaintiff was an invitee.

Selecting certain averments in the declaration for comparison, the defendant claims that the declaration is not sufficient to cover the acts of negligence which the plaintiff contends the evidence proves.

One count in the declaration alleges that defendant negligently, without warning and without a look-out thereon, permitted its mine car to run upon the plaintiff. We do not consider the declaration herein defective for failure to detail at length what caused the mine car to be loose and unattended. Whatever the cause, it was beyond the ken of the plaintiff. Without information thereon, particularity of averment could not be demanded or expected. The declaration specified *the*

*act working the injury,* i. e., the unattached, unattended mine
car. Under the express authority relied upon by defendant,
it was not necessary to detail by averment *all the evidential
facts of negligence. Snyder* v. *Wheeling Elec. Co.,* 43 W. Va.
661, 28 S. E. 733, is invoked by defendant, wherein Judge
BRANNON said:

> "You must aver the duty, and aver the existence
> or presence of negligence in its performance, and
> *specify the act working damage,* but need not detail
> all the evidential facts of negligence. You must tell
> the defendant, even under your general rule, *that he
> negligently did a specific act doing harm.* In other
> words, you must say that the defendant negligently
> did or did not do so and so, without detail as to the
> mere negligence, but you must state the acts that are
> the basis of liability."

The one and sole *act* that is the *base* of *liability* in this case
is that the plaintiff was negligently struck (at a place where
he had a right to be) by defendant's loose and unattended
mine car. What may have caused the car to get from under
the control of defendant is a *detail,* an *evidential fact* of negli-
gence, which need not be set out in the declaration. The decla-
ration herein complies with the rule in the Snyder case.

After defendant's foreman had testified that he *asked* Frank
Stock to go around and tell "these people" to keep their chil-
dren from playing around the tracks, he was then asked if he
told Stock to do this because Stock was an Italian and could
speak their language, when the court remarked:

> "If he wanted to notify the others through an
> interpreter, it was his duty to go around with the
> interpreter and have him interpret the notice to the
> other Italians."

The defendant excepted to this remark at the time and now
claims it was prejudiced thereby. The purpose of this evidence
was to repel the inference drawn by this court from the facts
on the other trial that the plaintiff was an invitee. What the
trial court meant by its remark was that it could not infer
that Stock did as requested, and that in order for the fore-
man's testimony on this matter to be pertinent, he should have

gone personally with the interpreter, so that the witness would have had personal knowledge of and would therefore have been competent to testify as to this warning having actually been given. We perceive no error thereby.

Error is further predicated by defendant on certain statements of counsel for plaintiff in his argument to the jury. It is not necessary in this discussion to quote at length counsel's remarks, as the gravamen of defendant's claim is that counsel told the jury that, upon a showing by plaintiff that he was injured by the unattended car of the defendant, negligence was thereby *prima facie* established, and then "it was up to defendant to show that the car was coupled."

We consider the remarks objected to well within the limits of proper argument. Under the plaintiff's view of the case, the duty of defendant to use due care was not satisfied even by proof that the car was coupled to the trip before leaving the mine, but extended to a careful operation of the trip all the way to the tipple. With notice of the escape from trips (or from the entry) of single cars, predicated to the defendant, counsel could well have argued that reasonable care demanded not only a proper coupling of the cars in the trip, but also the presence of a representative of the company at the rear of the trip to attend and control any car which might become detached from the trip.

Perceiving no error in the case and no reason to depart from our former holding, the judgment of the circuit court is affirmed.

*Affirmed.*