By the Court.
 

 In her statement of claim the plaintiff relied upon an implied contract by way of bailment as a predicate for recovery. It contained no specific allegations of negligence, and it is contended that she had the right to sue either in tort for a negligent delivery, or for a breach of the bailment contract.
 

 If this were a case of contract purely, one not
 
 *541
 
 involving wrongful conduct on the part of the institution’s employe, liability might attach. But this case presents a different aspect and is based upon an unauthorized and negligent delivery to an impostor.
 

 There is a wide divergence of opinion in the various jurisdictions of this country regarding the liability of charitable institutions whose funds are provided by benevolences. 11 Corpus Juris, pp. 374-377. This court has held that a public charitable hospital is not liable for injuries to a patient resulting from the negligence of one of its employes.
 
 Taylor, Admr.,
 
 v.
 
 Protestant Hospital Assn.,
 
 85 Ohio St., 90, 96 N. E., 1089, 39 L. R. A. (N. S.), 427. The only exception to the foregoing principle made by this court is that such charitable hospital is required to use reasonable care in the selection of its physicians, nurses, or attendants, in order to avoid liability for their negligence.
 
 Taylor
 
 v.
 
 Flower Deaconess Home and Hospital,
 
 104 Ohio St., 61, 135 N. E., 287, 23 A. L. R., 900. In the first
 
 Taylor case, supra,
 
 there was also an effort to base liability upon a contractual relation arising from the acceptance by the hospital of the injured plaintiff as a pay patient; however, that phase of the case did not create a liability upon the part of the hospital, in the view of this court.
 

 Under the theory of nonliability of charitable institutions adopted by this court, as heretofore indicated, we are unable to make any distinction between cases involving damages to the person of a patient and damages to his property, where such are caused by the wrongful act of an employe. We
 
 *542
 
 therefore affirm the judgment of the Court of Appeals, upon the authority of the two Ohio cases cited.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.