## HOWARD, Admr. etc v CHILDREN'S HOSPITAL

Ohio Appeals, 1st Dist, Hamilton Co.
No 3595. Decided March 10, 1930

Davies, Hoover & Beall, Cincinnati, for Howard.
Waite, Schindel & Bayless and Herbert Shaffer, all of Cincinnati, for Hospital.

ROSS, J.

It is contended that the provisions of **9989 GC**, do not apply to a charitable institution, such as the defendant below. The provisions of this section are as follows:

"A person, association, or company, having unlawful possession of the body of a deceased person shall be jointly and severally liable with any other persons, associations, and companies that had or have had unlawful possession of such corpse, in any sum not less than five hundred nor more than five thousand dollars, to be recovered at the suit of the personal representative of the deceased in any court of competent jurisdiction, for the benefit of the next of kin of deceased."

The language of the section is broad enough to include the defendant hospital.

It is urged, however, tnat, because under certain decisions of this state charitable institutions are relieved from the application of the rule of respondeat superior, that, by analogy, the liability imposed by the statute does not apply to the defendant below. We are unable to perceive this analogy, especially in view of the fact that under the decisions brought to our attention charitable institutions, such as hospitals, are held responsible to those injured through lack of care in the selection of employees, through whose negligence patients have been injured, when the unskillfulness and unfitness fo such employees was or should have been known to the management of the hospital. **Taylor v. Flower Deaconess Home & Hospital, 104 Ohio St., 61. Rudy v. Lakeside Hospital, 115 Ohio St., 539.** Duvelius v. Sisters of Charity, decision by this Court, January 20, 1930, No. 3534.

The amended petition alleges that "the said hospital by its agents, then and there, acting in the course of their employment, refused to deliver possession". **Defendant** being a corporation, though not for profit, was, of necessity, compelled to act through agents, and, if duly authorized and acting within the scope of their employment, such agents represented the will of the management of the organization, and through it the corporation, and the corporation must answer for their acts if they were in violation of the statute law of this state.

It can hardly be imagined that the legislature did not have hsopitals supported by benevolence and administering charity in mind when enacting the statute quoted. No exception of such institutions is made.

It must have been foreseen that such organizations would come within the operation of the statute which creates a liability upon any person, association, or company having unlawful possession of the body of a deceased person. The limits of this liability are fixed by the statute, which also makes it unnecessary on the part of the administrator, representing the next of kin, to prove actual damage at least up to the extent of the minimum provided in the statute $500.00.

The statute in no way involves the question of negligence on the part of employees.

The second defense is predicated upon the theory that simply because the defendant is a charitable organization, not for profit, there is no liability upon it for any of its acts in violation of the statute. We cannot endorse this position.

The demurrer to the second defense should have been sustained.

The judgment is reversed, and the cause is remanded for further proceedings according to law, with instructions to sustain the demurrer to the second defense of the answer.

Cushing, PJ, and Hamilton, J, concur.