HAROLD V. MEADE, *as Administrator of the Estate of* PRICILLA JUNE MEADE, *Deceased*

*v.*

ST. FRANCIS HOSPITAL OF CHARLESTON, WEST VIRGINIA, *A Corporation*

(CC 799)

Submitted January 27, 1953. Decided February 17, 1953.

*Ben K. Baer* and *Stanley E. Dadisman,* for plaintiff.

*Stanley C. Morris, A. P. Hudson, Wilson Anderson* and *Steptoe & Johnson,* for defendant.

HAYMOND, PRESIDENT:.

This is an action of trespass on the case instituted in the Circuit Court of Kanawha County by the plaintiff Harold V. Meade, Administrator of the estate of Pricilla June Meade, deceased, to recover damages from the defendant St. Francis Hospital of Charleston, West Virginia, a corporation, for the alleged wrongful death of plaintiff's decedent. To the declaration of the plaintiff the defendant filed its written demurrer and its special plea. The plaintiff filed a demurrer, a general replication and a special replication to the special plea; and to the special replication the defendant also filed its written demurrer. The circuit court overruled the demurrer to the declaration, sustained the demurrer to the special plea and overruled the demurrer to the special replication, and, upon its own motion, certified its rulings on those pleadings to this Court.

The questions certified by the circuit court to this Court are: "1. Is a charitable corporation conducting a hospital

legally liable to a paying patient for the negligent acts of its agents, servants and employees in the same manner as a corporation organized for profit?" and "2. If not, is a charitable corporation conducting a hospital legally liable to a paying patient for the negligent acts of its agents, servants and employees when its properties and assets, including, for example, liability insurance coverage, exceed the uses, requirements and limits of the charitable trust?"

The declaration charges in substance that the defendant, as the owner and the operator of a hospital in the City of Charleston, Kanawha County, West Virginia, was engaged in the business of providing care, treatment and hospitalization generally for patients and persons admitted to and born in such hospital, including maternity cases in which expectant mothers were admitted for care, treatment and delivery of their offspring and for care, treatment, attention and hospitalization of such newborn offspring; that the operations of the hospital were conducted by and through physicians, nurses, attendants, and other agents, servants and employees and by the use of rooms, wards, beds, nurseries and other facilities and equipment in and about such hospital; that it was the duty of the defendant to use reasonable care in the selection, retention, discipline, organization and management of its physicians, nurses, attendants and other agents, servants and employees and in the provision, arrangement and retention of suitable and adequate rooms, wards, nurseries and other facilities and equipment for care, treatment and hospitalization of patients admitted to and born in such hospital and to use reasonable care in attending, treating and hospitalizing its patients; that the defendant admitted to its hospital, as a paying patient, Lealie Jane Meade, the expectant mother, who on May 22, 1951, gave birth to a baby girl, Pricilla June Meade, plaintiff's decedent, who was an accepted patient of such hospital; that the plaintiff's decedent, a physically normal baby, was treated and placed in the nursery of the hospital apart from its mother in the care and the custody of doctors, nurses,

attendants, and other agents, servants and employees of such hospital; that the defendant failed and neglected to use reasonable care in the selection, retention, discipline, organization and manangement of its physicians, nurses, attendants, and other agents, servants and employees and in the arrangement and the retention of a suitable and adequate nursery and facilities and equipment, and failed and neglected to use reasonable care in treating, caring for and hospitalizing plaintiff's decedent at that time; and that as the direct and proximate result of the negligence of the defendant plaintiff's decedent on May 23, 1951, choked, strangled and died.

The special plea of the defendant states that it is organized as a nonstock, nonprofit, charitable corporation under the laws of this State for the purpose of conducting a hospital without profit for the benefit of the general public, and that it must rely upon charitable bequests from various individuals and groups. It further states that the defendant, though not admitting that it has been guilty of negligence as charged in the declaration, has no property or funds out of which a judgment can be paid other than funds which are administered as a charitable trust. The special plea then alleges that its agents, servants and employees who attended the plaintiff's decedent in particular and the public in general were selected by the defendant with reasonable care; that reasonable care was exercised by the defendant in the retention of its agents, servants and employees; and that all such agents, servants and employees who attended the plaintiff's decedent were competent, experienced and qualified for the duties assigned to each of them.

The special replication alleges that the properties and the assets of the defendant exceed the uses, requirements and limits of a charitable trust and are available for payment of any judgment rendered on account of the wrongs of its agents, servants and employees as charged in the declaration; and that at the time of the commission of the wrongs charged to the defendant it had liability

insurance coverage out of which any judgment recovered in this action could be paid.

The declaration sufficiently states a cause of action in favor of the plaintiff and against the defendant, and the ruling of the circuit court in overruling the demurrer to the declaration was correct. "A declaration in tort for personal injuries which charges the duty of the defendant, that this duty was breached by his particular acts, stated with reasonable certainty, and that the injuries and the damages complained of were caused by such negligent acts, is good on demurrer. *Holton* v. *Clayco Gas Company,* 106 W. Va. 394, 145 S. E. 637; *Diotiollavi* v. *United Pocahontas Coal Company,* 98 W. Va. 116, 128 S. E. 278. The allegation of the duty, the existence or presence of negligence in its performance, and the act working the damage, renders the declaration sufficient. *Snyder* v. *Wheeling Electrical Co.,* 43 W. Va. 661, 28 S. E. 733." *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188.

The question whether the special plea sets up a valid defense to the claim of the plaintiff, is controlled by the decisions of this Court in the case of *Roberts* v. *Ohio Valley General Hospital,* 98 W. Va. 476, 127 S. E. 318, 42 A. L. R. 968, decided in 1925, and the recent case of *Fisher* v. *Ohio Valley General Hospital Association,* 137 W. Va. 723, 73 S. E. 2d 667. The syllabus in the *Roberts* case is in these words: "It is incumbent on a charitable hospital to use reasonable care in the selection and retention of its physicians, nurses, and attendants; and for failure to do so, it is liable for injuries received by its patients due to their incompetency." The doctrine thus expressed in the *Roberts* case was considered again and approved by this Court in the *Fisher* case in which this Court held in point 1 of the syllabus that "A charitable hospital is not liable to a paying patient for the negligent acts of its servants, agents and employees in the absence of negligence in the selection and retention of such servants, agents and employees." Many decisions of the courts in other jurisdictions are to the same effect. *Deming Ladies' Hospital Association* v.

*Price*, 10 Cir., 276 F. 668; *Hearns* v. *Waterbury Hospital*, 66 Conn. 98, 33 A. 595, 31 L. R. A. 224; *Morton* v. *Savannah Hospital*, 148 Ga. 438, 96 S. E. 887; *St. Vincent's Hospital* v. *Stine*, 195 Ind. 350, 144 N. E. 537, 33 A. L. R. 1361; *Mikota* v. *Sisters of Mercy*, 183 Iowa 1378, 168 N. W. 219; *Mississippi Baptist Hospital* v. *Moore*, 156 Miss. 676, 126 So. 465, 67 A. L. R. 1106; *Rudy* v. *Lakeside Hospital*, 115 Ohio St. 539, 155 N. E. 126; *Gitzhoffen* v. *Sisters of Holy Cross Hospital Association*, 32 Utah 46, 88 P. 691, 8 L. R. A., N. S., 1161; *Weston's Adm'x*. v. *Hospital of St. Vincent of Paul*, 131 Va. 587, 107 S. E. 785, 23 A. L. R. 907; *Bishop Randall Hospital* v. *Hartley*, 24 Wyo. 408, 160 P. 385, Ann. Cas. 1918E, 1172. The special plea expressly alleges that the defendant, a charitable corporation, which operates and maintains a nonprofit hospital, exercised reasonable care in the selection and the retention of its agents, servants and employees and, under the holdings of the *Roberts* and the *Fisher* cases, the plea sets forth a valid defense. The circuit court should have overruled the demurrer to the special plea and its action in sustaining the demurrer was erroneous.

On the question whether a charitable corporation which operates and maintains a charitable hospital and carries liability insurance to protect it against any judgment rendered against it becomes liable to a patient or a beneficiary for the negligent injury of such patient or beneficiary because of the coverage afforded by such insurance, there is a conflict of authority in the jurisdictions in which that question has been considered. Some courts refuse immunity to charitable hospitals when such hospitals carry liability insurance. *Wendt* v. *Servite Fathers*, 332 Ill. App. 618, 76 N. E. 2d 342; *O'Connor* v. *Boulder Colorado Sanitarium Association*, 105 Colo. 259, 96 P. 2d 835, 133 A. L. R. 819. The courts in the majority of the jurisdictions in which the question has arisen, however, hold that the procurement by a charitable hospital of liability insurance does not of itself create liability where, independently of such insurance, no liability exists. *Levy* v. *Superior Court of California in and for City and County*

of *San Francisco,* 74 Cal. App. 171, 177, 239 P. 1100; *Williams', Admx'.* v. *Church Home for Females and Infirmary for the Sick,* 223 Ky. 355, 3 S. W. 2d 753, 62 A. L. R. 721; *Mississippi Baptist Hospital* v. *Moore,* 156 Miss. 676, 126 So. 465, 67 A. L. R. 1106; *McLeod* v. *St. Thomas Hospital,* 170 Tenn. 423, 95 S. W. 2d 917. See also *Greatrex* v. *Evangelical Deaconess Hospital,* 261 Mich. 327, 246 N. W. 137, 86 A. L. R. 487; *Stonaker* v. *Big Sisters Hospital,* 116 Cal. App. 375, 2 P. 2d 520; *Enman* v. *Trustees of Boston University,* 270 Mass. 299, 170 N. E. 43; *McKay* v. *Morgan Memorial Cooperative Industries and Stores,* 272 Mass. 121, 172 N. E. 68; *Herndon* v. *Massey,* 217 N. C. 610, 8 S. E. 2d 914; *Susman* v. *Young Men's Christian Association of Seattle,* 101 Wash. 487, 172 P. 554. In 14 C. J. S., Charities, Section 75, the text relating to the question considered in the cases just cited is in this language: "Where a charitable hospital is not otherwise liable for the torts of its agents or employees, it is not rendered liable by the fact that it has procured insurance against such liability." The same principle is stated in 10 Am. Jur., Charities, Section 152, in these words: "The fact that a charitable institution carries indemnity insurance indemnifying it from liability to a recipient of its bounty does not create liability, in instances where such charitable organizations are immune from liability."

The view, supported by the weight of authority, that the procurement by an institution which operates and maintains a charitable hospital of insurance indemnifying it from liability to a recipient of its bounty does not create liability in instances in which such institution is immune from liability is sound in principle and is recognized by this Court. In the recent case of *Fisher* v. *Ohio Valley General Hospital Association,* 137 W. Va. 723, 73 S. E. 2d 667, the plaintiff, a paying patient of the defendant, a charitable hospital, contended that because the defendant carried liability insurance out of which a judgment could be satisfied it was liable to the plaintiff for the injury sustained by the plaintiff caused by the alleged negligence of its agents and employees. This Court rejected that

contention and held in point 2 of the syllabus that "The immunity from suit granted to a charitable hospital in certain circumstances is not affected by the fact that such hospital is covered by liability insurance." Under the holding of this Court in the *Fisher* case the special replication of the plaintiff fails to state any valid ground of liability of the defendant to the plaintiff and, for that reason, the demurrer of the defendant to the special replication should have been sustained.

In view of the foregoing the first question certified is answered by the statement that though a private corporation which conducts a hospital for profit is liable to a patient for injuries caused by the negligence of its officers, agents, servants and employees, *Vaughan* v. *Memorial Hospital,* 100 W. Va. 290, 130 S. E. 481; *Jenkins* v. *Charleston General Hospital and Training School,* 90 W. Va. 230, 110 S. E. 560, 22 A. L. R. 323; *Hogan* v. *Clarksburg Hospital Company,* 63 W. Va. 84, 59 S. E. 943; a charitable corporation which conducts a charitable hospital is liable to a patient for injuries caused by the negligence of its agents, servants and employees, only if it fails to exercise reasonable care in the selection and the retention of such agents, servants and employees; and the second certified question is answered by the statement that procurement by a charitable corporation, which conducts a charitable hospital, of insurance indemnifying it against liability to a patient does not create liability in instances in which such corporation is immune from liability.

The ruling of the circuit court in overruling the demurrer to the declaration is affirmed and its rulings in sustaining the demurrer to the special plea and in overruling the demurrer to the special replication are reversed.

*Rulings affirmed in part
and reversed in part.*