CLEDIS AMBER RANSOM

*v.*

GLEN ROBERT OTEY, *et al*

(CC847)

Submitted September 8, 1959.    Decided November 24, 1959.

*Laird, Thrift & Hamilton,* for plaintiff.

*Mahan, White, Higgins & Graney, Wm. G. Thompson,* for defendants.

HAYMOND, JUDGE:

This is an action of trespass on the case instituted in

the Circuit Court of Fayette County during the year 1957. The plaintiff, Cledis Amber Ransom, seeks a recovery from the defendants, Glen Robert Otey, Glenn Erickson, Charles Clawson and Bill Jones Ford, Inc., for personal injuries caused by the alleged negligence of the defendants.

The defendant Glen Robert Otey filed his separate demurrer and the defendants Charles Clawson and Bill Jones Ford, Inc., filed their joint and several demurrer to the original declaration and an amended declaration and each of the demurrers was sustained by the circuit court. Subsequently, on September 15, 1958, the plaintiff filed his second amended declaration, which is the pleading on which he relies for a recovery in this action, and to that declaration the defendant Otey filed his separate demurrer and the defendants Clawson and Bill Jones Ford, Inc., filed their joint and several demurrer. It does not appear that the defendant Glenn Erickson, whose automobile operated by the defendant Otey as his agent, struck and injured the plaintiff, filed any demurrer to any of the declarations filed by the plaintiff, and the defendant Erickson has not appeared to this action in person or by counsel in this Court. The circuit court by order entered February 13, 1959, sustained the demurrer filed by the defendant Otey and the demurrer filed by the defendants Clawson and Bill Jones Ford, Inc., and on its own motion certified its rulings upon the demurrers to this Court.

The questions certified by the circuit court are: (1) Whether the second amended declaration sets forth a cause of action against the defendants Clawson and Bill Jones Ford, Inc., or either of them, and (2) whether it sets forth a cause of action against the defendant Otey.

The defendant Otey contends that the declaration fails to allege any duty owed by him to the plaintiff, or any negligent act or omission by the defendant Otey constituting a breach of duty which was the proximate cause of the injuries sustained by the plaintiff; but the defendant Otey asserts in his demurrer and in his brief filed in

this Court that the allegations of the declaration affirmatively show that the injuries to the plaintiff were proximately caused by the negligence of the defendants Clawson and Bill Jones Ford, Inc., that the plaintiff was guilty of contributory negligence, and that the plaintiff voluntarily assumed the risks inherent in the existing situation at the time he was injured. The defendants Clawson and Bill Jones Ford, Inc., likewise contend that the declaration does not allege any duty owed by them to the plaintiff, or any negligent act or omission by them constituting a breach of duty which was the proximate cause of his injuries; but they assert in their demurrer and in their brief filed in this Court that the allegations of the declaration affirmatively show that the injuries to the plaintiff were proximately caused by the negligence of the defendant Otey, that the plaintiff was guilty of contributory negligence, and that the plaintiff voluntarily assumed the risks inherent in the existing situation at the time he was injured.

From the allegations of the declaration it appears that the plaintiff was severely and permanently injured about 1:30 o'clock in the morning of December 29, 1956, while standing on an embankment which adjoined a ditch near the paved western half or lane of a public highway designated as U. S. Route No. 21, the entire improved portion of which, used for traffic, was twenty seven feet in width with a berm ten feet in width and a ditch three feet in width between the embankment and the western edge of the improved portion of the highway; that the injury to the plaintiff occurred near Hilltop, in Fayette County, at a point on the highway where the defendant Clawson, in the operation of a wrecker truck owned by the defendant Bill Jones Ford, Inc., had placed the wrecker truck across a portion of the west lane of the highway, the rear of the truck being on the berm and the front of the truck being upon and obstructing traffic proceeding in a southerly direction on the west lane of the highway, while engaged in removing an automobile from a ditch and a culvert; that the plaintiff immediately before he came to his position on the embankment had proceeded on foot on the

traveled portion of the highway; that while the plaintiff was standing on the embankment and observing the wrecker truck, the defendant, Otey, operating an automobile owned by the defendant Erickson, traveling south in the west or right lane of the highway at a high rate of speed, suddenly drove the automobile off the right lane of the highway, to avoid a collision with the wrecker truck, and proceeded across the berm and the ditch to the embankment which was within the right of way of the highway and struck and injured the plaintiff; and that the injury to the plaintiff was proximately caused by the concurrent negligence of the defendant Otey, as the agent of the defendant Erickson, in failing to keep a proper lookout and in driving the automobile of the defendant Erickson at an excessive rate of speed off the right lane of the highway, and of the defendant Clawson, as the agent of the defendant Bill Jones Ford, Inc., in unnecessarily obstructing the right lane of the highway by placing the wrecker truck upon a portion of that lane instead of upon the berm where there was sufficient space to place it, and in failing to give any warning of the presence of the wrecker truck to any person traveling by automobile in a southerly direction and approaching the wrecker truck on the west lane of the highway.

The allegations show that the plaintiff, as a member of the public, had used the highway as a pedestrian shortly before he came upon the embankment where he had paused in his journey when he was struck and injured. Though his status at that time was that of a bystander or onlooker, he was rightfully upon the right of way of the highway where he had momentarily interrupted his motion and while he was standing on the embankment of the road it was the duty of the defendants in using or traveling upon the highway to exercise ordinary care not to injure him. See *Matthews* v. *Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180. In that case, the plaintiff, according to his testimony, was standing on the berm of a public highway while employees of the defendant were engaged in the use of equipment to purge its pipe line. When a sec-

tion of a line of hose in use under pressure suddenly became disconnected, and one end of the hose moved toward the plaintiff he became frightened and went upon the traveled portion of the highway where he was struck and injured by a passing automobile. In the opinion in the *Matthews* case this Court said that the plaintiff was rightfully present on the berm as a bystander on or a person using a public highway and that the defendant while engaged in work near the highway owed him the duty to exercise ordinary care not to injure him. The allegations in the declaration show that the defendants in this case violated their duty to exercise ordinary care not to injure the plaintiff.

The conduct of the plaintiff in momentarily standing on the embankment of the highway when he was injured was entirely unlike that of a plaintiff's decedent in *Cooper, Admr.* v. *Teter,* 123 W. Va. 372, 15 S. E. 2d 152. In that case the plaintiff's decedent, without being requested so to do by the defendant or any other person present on or near the highway on which the wrecker truck of the defendant was located at night while engaged in retrieving an automobile which had left the traveled portion of the highway, voluntarily assumed a position of danger on the highway for the purpose of warning the drivers of approaching automobiles of the presence of the wrecker truck and while in such position between the wrecker truck and an approaching automobile driven by a person other than the defendant the automobile struck and fatally injured him when it skidded on the wet highway before it came to the location of the wrecker truck of the defendant. This Court said in the opinion that from the allegations of the declaration the decedent deliberately placed himself in the position where he was at the time of the accident, that in so acting he voluntarily assumed all the risks inherent in a situation which he knew to be dangerous, and that the declaration, which was held to be insufficient on demurrer, did not charge a violation of the degree of care which the defendant owed to the decedent and that it failed to show any causal connection between the acts

done or omitted by the defendant and the striking of the decedent by the approaching automobile driven by a person who was not a defendant in the case.

The declaration alleges facts which show that the plaintiff, while temporarily standing on the embankment at and prior to the time of his injury, unlike the decedent in the *Cooper* case, did not occupy a position of apparent danger, did not assume any risk inherent in the existing situation, was not guilty of contributory negligence, and could not reasonably anticipate that the location of the wrecker truck partly on the berm and partly on the west lane of the highway would cause the automobile driven by the defendant Otey to proceed across the ten foot berm and climb the embankment, or that the defendant Otey would approach the wrecker truck at a speed which would send the automobile to the place on the embankment where the plaintiff was standing when he was struck and injured.

In charging that the defendants Clawson and Bill Jones Ford, Inc., in placing the wrecker truck across a portion of the highway with its rear upon the berm and its front upon the west lane so that neither its headlights nor its taillights were visible to persons approaching it while traveling south in that lane or indicated its presence until the headlights of an approaching automobile disclosed its presence; that the color of the wrecker truck was a dark color, which made it difficult to discover its presence; that the berm was of sufficient width to enable the wrecker truck to be parked on the berm without encroachment upon the west lane of the highway; that its position unnecessarily obstructed that lane of the highway and did not leave adequate space for the passage of traffic in that lane; that the defendants Clawson and Bill Jones Ford, Inc., failed to provide a guard or flagman or lights or other signal to warn the driver of any approaching vehicle of the presence of the wrecker truck in time to enable such driver to stop or avoid striking the wrecker truck or running upon the berm, the ditch and the embankment, the declaration sufficiently alleges negligent

acts and omissions upon the part of those defendants; and the allegations of those acts and omissions supply the omissions in the declaration in the *Cooper* case referred to by this Court which in part rendered that declaration insufficient in failing to state a cause of action against the defendant in that case.

In Point 2 of the syllabus in *Cooper, Admr.* v. *Teter*, 123 W. Va. 372, 15 S. E. 2d 152, cited and relied on by each of the defendants, this Court used this language: "A wrecker truck, while being used to restore a wrecked automobile to the highway, may stand upon the traveled portion of such highway for a reasonable length of time, but must not occupy more thereof than is reasonably necessary, and approaching traffic must be fully warned of the obstruction by lights, flags, guards or some other practical means." The opinion in that case also contains these statements: "It was not necessarily unlawful, therefore, for the defendant to place his wrecking truck on the traveled portion of the highway. It was necessary that he so place it so as to obstruct traffic as little as possible, and that he exercise a high degree of care to guard the same and to warn approaching travelers of its presence on the highway." The requirement of the exercise of a high degree of care in the quoted statement, properly interpreted and applied, simply means that there must be unusual caution and vigilance in order to satisfy the requirement of the exercise of ordinary care in any given set of circumstances.

The declaration, in charging that the defendant Otey operated the automobile of the defendant Erickson in a southerly direction on the highway at a high and unlawful rate of speed, with knowledge that the highway was used by many vehicles during the daytime and at night; that he failed to keep a reasonable and proper lookout for obstructions upon the highway; and that he failed to keep the automobile under proper control and drove it off the highway and against the embankment sufficiently alleges negligent acts and omissions upon the part of the defendants Otey and Erickson.

The allegations of the declaration also sufficiently charge concurrent negligence upon the part of the defendants and that such negligence was the proximate cause of the injury of which the plaintiff complains. Concurrent negligence occurs when two or more persons are guilty of negligence and the negligence of each in point of time and place concurs and proximately causes or contributes to the injury of another person. *Hartley* v. *Crede*, 140 W. Va. 133, 82 S. E. 2d 672; *Wilson* v. *Edwards*, 138 W. Va. 613, 77 S. E. 2d 164; *Brewer* v. *Appalachian Constructors*, 135 W. Va. 739, 65 S. E. 2d 87; *Sigmon* v. *Mundy*, 125 W. Va. 591, 25 S. E. 2d 636; *Miller* v. *Douglas*, 121 W. Va. 638, 5 S. E. 2d 799; *Starcher* v. *South Penn Oil Company*, 81 W. Va. 587, 95 S. E. 28.

The particular negligent acts and omissions in the declaration charged against the defendants were such as to cause them to entertain reasonable anticipation that such acts and omissions would naturally and probably produce an injury. Though to be actionable, negligence must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury, it is not necessary that the particular injury or the precise manner in which it occurred should be foreseen or anticipated by a person of ordinary intelligence and prudence. See 15 Am. Jur., Highways, Section 240. In *State ex rel. Cox* v. *Sims*, 138 W. Va. 482, 77 S. E. 2d 151, quoting from Section 24, Volume 1, Shearman and Redfield on Negligence, Revised Edition, this Court said: "Reasonable anticipation is that expectation created in the mind of the ordinarily prudent and competent person as the consequence of his reaction to any given set of circumstances. If such expectation carries recognition that the given set of circumstances is suggestive of danger, then failure to take appropriate safety measures constitutes negligence. On the contrary, there is no duty to guard when there is no danger reasonably to be apprehended." The acts and the omissions charged against the defendant Otey and the defendants Clawson and Bill Jones Ford, Inc., in the declaration were of such character as, in the existing circumstances,

would naturally and probably produce an injury to a person on or near the highway.

As indicated from previous statements in this opinion the difference between the lack of necessary allegations of negligence in the declaration in the *Cooper* case, which rendered it defective and insufficient on demurrer, and the sufficient allegations of negligence in the present declaration distinguishes that case from this case and the decision in that case does not control the decision in the case at bar.

A declaration in tort for personal injury which charges the duty of the defendant, that such duty was breached by his particular acts or omissions, stated with reasonable certainty, and that the injury complained of was caused by such negligent acts or omissions, is good on demurrer. *Hartley* v. *Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Pope* v. *Edward M. Rude Carrier Corporation,* 138 W. Va. 218, 75 S. E. 2d 584; *Meade* v. *St. Francis Hospital of Charleston,* 137 W. Va. 834, 74 S. E. 2d 405; *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Holton* v. *Clayco Gas Company,* 106 W. Va. 394, 145 S. E. 637; *Diotiollavi* v. *United Pocahontas Coal Company,* 98 W. Va. 116, 128 S. E. 278; *Canfield* v. *West Virginia Central Gas Company,* 80 W. Va. 731, 93 S. E. 815, L.R.A. 1918A, 808; *Snyder* v. *Wheeling Electrical Company,* 43 W. Va. 661, 28 S. E. 733, 39 L.R.A. 499, 64 Am. St. Rep. 922. The present declaration in this case satisfies the foregoing requirements and is good on demurrer.

The certified questions are answered in the affirmative and the rulings of the circuit court in sustaining the demurrers are reversed.

*Rulings reversed.*