ROSEN, Plaintiff-Appellant, v. CONCORDIA EVANGELICAL LUTHERAN CHURCH, INC., etc., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25136.   Decided May 27, 1960.

Day & Berkman, for plaintiff-appellant.
Jamison, Ulrich, Hope, Johnson & Burt, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment for the defendant entered in the Court of Common Pleas of Cuyahoga County. The action is one seeking money damages for personal injuries alleged to have been sustained by the plaintiff while attending a picnic on the picnic grounds alleged to be owned by the defendant.

The petition sets out that the defendant is a non-profit corporation incorporated under the laws of Ohio. From the name of the defendant, it is perfectly clear that it is a church organization administering to the religious education of its members and those who attend its services. There is no allegation in the petition that its activities are otherwise. The petition further alleges that the church owns a picnic ground on which is located a wooden pavilion for serving food and refreshments; that said structure is provided with heavy wooden shutters hinged at the top and that the maintenance of the wooden structure is under the exclusive care, custody and control of said defendant.

It is alleged that on or about August 30, 1958, she was a guest and invitee of picnickers to whom the defendant had "leased and rented" the picnic premises While seated on a "service shelf" a heavy wooden shutter, which had been opened and hooked up, suddenly, and without warning, struck and injured plaintiff as set out in her petition. It is alleged that the defendant allowed the hooking mechanism of the said wooden shutter to become defective and unsafe and to fall into disrepair and that the defendant failed to provide a safety chain to prevent the wooden shutter from falling in the event the hook should become detached and that the defendant failed to have a caretaker or custodian hook, secure and check said wooden shutter **prior** to leasing the picnic premises to the picnickers.

The defendant filed a demurrer to the petition, claiming the petition did not state a cause of action against the defendant as shown by the allegations of the petition. The court sustained the demurrer and, the plaintiff, not desiring to plead further, judgment was entered by the court for the defendant. The assignments of error are as follows:

"1. The Court below erred in sustaining defendant's demurrer to the petition.

"2. The judgment of the Court below, in entering final judgment for defendant after the sustaining of its demurrer, is contrary to law"

The plaintiff also claims that the petition is not demurrable for the following reasons:

"A. Religious charitable institutions are not immune from suit merely because of their charitable or religious purposes.

"B. Such an institution is certainly not immune from suit when its tortious conduct was committed in the course of a non-charitable activity.

"C. Such an institution is certainly not immune from suit when the tortious conduct with which it is charged is direct rather than the result of the negligence of its servants."

The claim that the immunity of private charitable institutions from tort liability to beneficiaries of the charity has been "completely annihilated" in Ohio by reason of **Avellone v. St. Johns Hospital, 165 Oh St 467, 135 N. E.** 2d 410, cannot be supported by the case law. Whatever change was made in the immunity afforded hospitals, operated in part through charity, was in large measure based upon the fact that liability insurance could be had to protect charitable gifts. Certainly so radical a change in the public policy of such long standing in this state, based primarily on the ability of a charitable institution to buy protection, should not be extended beyond the clear import of the decision by an intermediate reviewing court. The issue is sociological and at this late date should be primarily a legislative matter if a change in the Ohio law is desirable. It is hard to believe that the ability of a charity to buy insurance can supply a basis for taking away the immunity of charities from liability for tort as limited in this state by the cases of **Waddell v. Y. W. C. A., 133 Oh St 601, 15 N. E.** 2d 140 and **Cullin v. Schmidt et al, 139 Oh St 194, 39 N. E.** 2d 146, and the cases cited in these opinions and in the opinion of the case of **Gibbon, Adm. v. Y. W. C. A., 170 Oh St 280,** __ N. E. 2d __, at page 283. The first paragraph of the syllabus of the Cullen case, supra, is as follows:

"1. A charitable or eleemosynary institution is not liable for tortious injury except (1) when the injured person is not a beneficiary of the institution, and (2) when a beneficiary suffers harm as a result of failure on the part of the authorities of the institution to exercise due care in the selection or retention of an employee."

Insurance companies are not charitable organizations. All that insurance does is spread the risk, the insurer expecting to receive payment of premiums to meet the total liabilities plus management costs and profit. If those seeking or receiving the service of a charity feel there is a risk to be encountered, they could as easily protect themselves in like manner.

The immunity of charities from tort liability to its beneficiaries has been the subject of controversy for a long time, and though severely criticized, has withstood the assaults of its critics by the greater weight of the decisions, and where the courts have tried to destroy the doctrine, legislatures have, many times, followed such action with rehabilitating legislation. While it might be that the charitable character of hospital service has, in part, changed, the relationship of the church to the community remains as it always has been, supported entirely by gifts of its members and benefiting many who seek its help but do not give to its support. The plaintiff's petition does not allege that the picnic grounds were operated in this instance as a business enterprise by the church. On the authority of the case of Gibbon, Adm. v. Y. W. C. A., supra, we hold that the petition does not state a cause of action. The first syllabus of the Gibbon case is as follows:

"1. A charitable or eleemosynary institution, other than one which has as its purpose the maintenance and operation of a hospital, is, as a matter of public policy, not liable for tortious injury except (1) when the injured person is not a beneficiary of the institution, and (2) when

a beneficiary suffers harm as a result of failure of the institution to exercise due care in the selection or retention of an employee."

While the question is not argued, there is another reason supporting the conclusion that plaintiff's petition does not state a cause of action. The petition alleges that the plaintiff, while an invitee of picnickers "to whom defendant had leased and rented said premises" and while thus on the picnic grounds, and at the time in a pavilion, a wooden shutter, which had been hooked open, fell, causing her injury. Who opened the shutter or hooked it open is not alleged although it is clear that the picnic area was then in the control of those who leased it. It is alleged that the defendant had allowed the wooden shutter to become unsafe and in disrepair and did not provide a certain suggested safety device, and failed to have a caretaker check the condition of the shutters prior to the arrival of the picnickers. There is an allegation in the petition that alleges that the maintenance of the structure was under the "exclusive care, custody and control of the defendant" but such allegation, when considered by the other claims, must refer to a period of time prior to that when the picnickers became the lessees of the picnic ground.

It has long been the law of this state that, apart from an express contract to that effect, a landlord out of possession and control owes no duty, either towards his tenant or toward any other person who enters on the premises during the tenancy, to take care that the premises are safe, either at the commencement of the tenancy or during its continuance unless there be concealment of known dangers not readily discoverable.

In the case of **The Shinkle, Wilson and Kreis Co. v. Birney and Seymour, 68 Oh St 328, 67 N. E. 715,** the court said in the syllabus:

"The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired."

and on page 334, the court further stated:

"For reasons too obvious to require a statement, it has always been held that if the lessor has knowledge of defects in the premises which are not discoverable by the tenant upon practicable examination, and which will imperil his person or property, a liability arises from the fraudulent concealment of such defects; and, in the application of this rule, the terms, fraud, fraudulent concealment, constructive fraud and deceit are synonymous. In accordance with this view the general and admitted rule upon the subject is as stated in Jaffe v. Harteau, 56 N. Y. 398, as follows: 'A lessor of buildings, in the absence of fraud or any agreement to that effect, is not liable to the lessee or others lawfully upon the premises for their condition or that they are tenantable and may be safely and conveniently used for the purposes for which they are apparently intended.'"

And in the case of **Goodall v. Deters, 121 Oh St 432, 169 N. E. 443,** the syllabus provides:

"The owner of real property may lease the same in whatever condi-

tion it exists at the time of the lease. If the owner does not agree with the lessee to put the property in good repair or to keep it in good repair the lessee cannot recover from the owner damages for an injury sustained by the lessee due to the defective condition of the property."

The accuracy of this statement of the law has never been questioned and requires no further citation of authority.

In the case now being considered, the plaintiff, by her petition, was the guest of the lessee alleged to be in possession of the grounds, and without allegations of fraud or misrepresentation or undisclosed dangerous defects not discoverable by the tenant, but known and fraudulently concealed by the landlord, a cause of action is not stated upon the relationship of landlord and guest of the tenant.

For the foregoing reasons, the judgment is affirmed.

HURD, PJ, KOVACHY, J, concur.