BELL, Plaintiff-Appellant, v. SALVATION ARMY et, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25196. Decided October 27, 1960.

Mr. *Paul Mancino*, for plaintiff-appellant.

Messrs. *Jamison, Ulrich, Hope, Johnson & Burt*, for defendant-appellee.

For further history see *Omnibus Index* in bound volume.

HURD, P. J. This case is here appealed on questions of law from a judgment of the Municipal Court of Cleveland sustaining a demurrer to the amended petition of the plaintiff. The plaintiff having failed to plead further, the case was dismissed and final judgment rendered against the plaintiff for his costs.

The facts pleaded in the amended petition are somewhat meager. The plaintiff complains of personal injuries due to the tortious conduct of an agent of the Salvation Army employed at "The Red Shield Lodge." An examination of the pleadings discloses that the original petition named the Salvation Army as the sole defendant. Thereafter, a demurrer having been sustained to the original petition, an amended petition was filed designating "The Red Shield Lodge" as a new party defendant in which it was alleged that "The Red Shield Lodge" and the Salvation Army jointly operated a hotel at 830 Eagle Street, Cleveland, Ohio, for profit. Thereafter, the trial court granted a motion to quash service on "The Red Shield Lodge" on the ground that it was not a legal entity but merely a name used by the Salvation Army to identify that part of its program in Cleveland, Ohio. The motion to quash was based on an affidavit by the same officer of the Salvation Army on whom the summons was served for both the Salvation Army and the so-called new defendant, "The Red Shield Lodge." The affidavit shows, inter alia, that the Salvation Army is a New York Corporation not for profit, licensed to engage in its activities in Ohio. Thereafter, the defendant demurred to the amended petition "for the reason that it fails to state a cause of action in favor of the plaintiff and against the defendant, the Salvation Army, a charitable and religious institution, as is apparent on the face of the petition."

The assignments of error are as follows:

"1. The judgment of the Court is contrary to law.

"2. That the judgment of the Court is contrary to the facts set forth in the petition which were admitted for the purpose of a ruling upon the demurrer.

"3. That the Court should have overruled said demurrer because plaintiff's amended petition states the cause of action in tort against the defendant, the Salvation Army."

The plaintiff seems to rely heavily on its allegation that "The Red Shield Lodge" and the Salvation Army jointly operate a hotel at 830 Eagle Street for profit and conduct business at that address for profit and "that he paid a valuable consideration for the privilege of using and staying at 'The Red Shield Lodge.'" The amount of the consideration is not stated in the amended petition and no facts are alleged to support his claim that said "Red Shield Lodge" was operating *at a profit.*

It is axiomatic that a court, in ruling upon a demurrer, must accept the well pleaded allegations of the petition as true for the purposes of the demurrer. However, this rule does not apply to conclusions of law. In our opinion the allegation that the "Red Shield Lodge" and the Salvation Army jointly operate a hotel at 830 Eagle Street, Cleveland, Ohio, *for profit* and conduct a business at said address for profit is a mere legal conclusion in the absence of allegations of fact in support thereof. A general demurrer searches the record which shows that the Salvation Army is a corporation not for profit, licensed to carry on its activities in Ohio. The record also shows that it is a charitable, religious organization, a fact of which this court took judicial notice in Lovich v. *Salvation Army, Inc.,* 81 Ohio App., 317, 75 N. E. 2d, 280.

The appellant, by way of brief, relies in part on the case of *Avellone* v. *St. John's Hospital,* 165 Ohio St., 467, 135 N. E. 2d, 410, which abolished the immunity doctrine as applied to hospitals, syllabus one of which is as follows:

"1. A corporation not for profit, which has as its purpose the maintenance and operation of a hospital, is, under the doctrine of respondeat superior, liable for the torts of its servants. (*Taylor, Admr.,* v. *Protestant Hospital Assn.,* 85 Ohio St., 90, *Rudy* v. *Lakeside Hospital,* 115 Ohio St., 539, and paragraphs one and two of the syllabus of *Lakeside Hospital* v. *Kovar, Admr.,* 131 Ohio St., 333, overruled.)"

Plaintiff, by way of brief, concludes his argument by the following:

"We, therefore, submit that where a person is a paying patron at a charitable or religious institution and they are rendering services for pay, then under those circumstances their responsibility is no different than that of a private individual or a private corporation."

We think this is a "non sequitur" because obviously the decision in the Avellone case was limited to hospitals.

The plaintiff then attempts to distinguish the case of *Gibbon* v. *Y. W. C. A.*, 170 Ohio St., 280, syllabus one of which reads:

"1. A charitable or eleemosynary institution, other than one which has as its purpose the maintenance and operation of a hospital, is, as a matter of public policy, not liable for tortious injury except (1) when the injured person is not a beneficiary of the institution, and (2) when a beneficiary suffers harm as a result of failure of the institution to exercise due care in the selection or retention of an employee."

In the Gibbon case, Judge Herbert's opinion reviews the development of the doctrine of charitable immunity in Ohio up to the Avellone decision in 1956. He shows that the basis for the Avellone decision was the profound change in the operating conditions of modern hospitals which moved the court "to review and abandon the previously declared public policy." But as to charitable associations and organizations other than hospitals—

"Similarly compelling reasons are not established to the satisfaction of the majority in this case. Therefore, we decline to again declare an extension or modification of public policy. We feel that under these circumstances the doctrine of stare decisis should be applied and followed * * *."

Taft, J., in his concurring opinion in the Gibbon case, declared at pages 294 and 295, the following:

"As I view it, *Avellone* v. *St. John's Hospital, supra,* merely holds that rule of respondeat superior can impose liability on a charitable hospital for tortious conduct of its servants, where it appears that the one seeking to impose such liability (there a 'paying patient') has made or is obligated to pay a substantial equivalent for the benefits he sought and expected

to receive from such institution. Apparently, judicial notice was taken that paying patients usually substantially pay for the services they receive in such an institution.

"That case did not involve, as does the instant case, the question as to liability on account of injury to or death of one who neither made nor was obligated to make any payment that could reasonably be said to represent a substantial equivalent for the benefits that he sought to receive from the charitable institution; * * *"

In the Gibbon case, a fee of 35c for the use of the swimming pool was not considered to be a substantial equivalent for benefits sought to be enjoyed. Plaintiff, in the instant case, merely alleges a valuable consideration paid for his lodging. The indefiniteness of such an allegation makes it impossible to determine whether a substantial equivalent was paid by the plaintiff in the instant case for the benefits he sought and expected to receive from the Salvation Army.

Obviously, the contentions of the plaintiff are not in accord with the opinion of the Supreme Court in the Gibbon case as expressed by Herbert, J., in the majority opinion and by Taft, J., in the concurring opinion.

Recently, in *Rosen* v. *Concordia Evangelical Lutheran Church, Inc.*, 84 Abs., 8, this court held, as shown, in part, by the opinion of Skeel, J., at page 10:

"The claim that the immunity of private charitable institutions from tort liability to beneficiaries of the charity has been 'completely annihilated' in Ohio by reason of *Avellone* v. *St. John's Hospital,* 165 Ohio St., 467, 135 N. E. 2d, 410, *cannot be supported by the case law. * * *.*" (Emphasis added.)

It is our view that it is not within the province or jurisdiction of this court to declare a modification or change of public policy beyond that declared and delineated by the Supreme Court in respect to charitable institutions other than hospitals. If a change in public policy is to be effected, such change should come either by reason of legislative action or by the Supreme Court under the doctrine of stare decisis.

It is our conclusion that in view of the Supreme Court cases cited and quoted that the petition of the plaintiff is demurrable and that the Municipal Court did not err in so holding.

For the reasons stated. therefore, the judgment of the Municipal Court will be affirmed.   Exceptions noted.

KOVACHY and SKEEL, JJ., concur.