# Fall-Special Term, 1897.

## CHARLESTON.

JOHNSON v. CHAPMAN *et al.*

Submitted June 4, 1897—Decided November 10, 1897.

1. ACTIONS—*Joint Actions—Joint Tort Feasors.*

   Where two contiguous buildings fall upon and crush a third, by reason of the co-existent and concurring negligence of the respective owners thereof to keep their separate walls in repair, the owner of the injured building may maintain a joint or separate suit against the owners of the defective buildings. (p. 644.)

2. INSANE PERSON—*Committee—Duty of Committee.*

   Under section 37, chapter 58, of the Code, it is the duty of the committee of an insane person to sue for injuries done to the real or personal estate of his ward. (p. 645.)

43 | 639
56 | 62
43 | 639
f 60 | 33
43 | 639
f65 | 672

3. TENANT FOR LIFE—*Injuries to Realty—Damages.*

    A life tenant in possession is entitled to sue for damages done the property, by which the rental value thereof is diminished or destroyed. The measure of damages, as in other cases, is the amount necessary to make good the loss, which must be determined by the jury from the facts and circumstances shown in evidence. (p. 646.)

Appeal from Circuit Court, Ohio county.

Action by William D. Johnson, committee for Elizabeth Turner, against William H. Chapman and Tempest T. Hutchinson. From a judgment sustaining a demurrer to the complaint, plaintiff appeals.

*Reversed.*

GEO. E. BOYD & SON, for appellant.

WM. P. HUBBARD and HENRY M. RUSSELL, for appellees.

DENT, JUDGE:

The Circuit Court of Ohio County entered a judgment on the 30th day of May, 1896, sustaining a demurrer to the declaration, and dismissing a suit instituted by William D. Johnson, committee for Elizabeth Turner, an insane person, against William H. Chapman and Tempest T. Hutchinson, to recover damages for injuries sustained by the estate of such insane person by reason of the negligence of the defendants. A writ of error was awarded by this Court. The grounds of demurrer relied on are (1) the misjoinder of causes of action; (2) the committee suing without legal authority; (3) the injury sustained by the lessee in possession, and not the life tenant; (4) the measure of damages improperly alleged to be the amount required to restore the property to its former condition.

The circuit court confined itself to, and sustained, the demurrer, by reason of the first ground presented; no doubt, deeming the other untenable. On this point there is in reality no difference in the law governing the same, as urged by the counsel for the parties, or as expounded in the opinion of the court, but the trouble seems to be in the application of the law to the allegations of the declaration. The opinion of the judge, which is made a part of the defendants' brief, is as follows: "The defendants demur to the declaration filed in this case, and to each count thereof,

together with so much of the first count as relates to the southern or outside wall therein mentioned, on the ground of misjoinder; it being shown that neither count shows that the injury complained of was the result of a joint wrong. In 1 Jagg. Torts, 212, 213, it is said: 'There is a marked distinction between a tort and liability arising from a tort. The liability, as between the plaintiff and the defendant, may always be treated as several, but the wrong itself may be jointly done or severally done by the defendants. If it be jointly done (that is in concert), the defendants are joint tort feasors. If it be severally done (that is, independently, though for a similar purpose and at the same time, without any concert of action), they are several tort feasors. None the less, ordinarily, both parties guilty of concurrent negligence may be sued jointly, though they had no common purpose, and though there was no concert in action.' In Cooley, Torts, 89, it is said: 'A fourth proposition may be stated thus: That, if the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury." These principles are sustained, not only by the numerous cases cited, respectively, in support thereof by the writers above quoted from, but also by the following, among others, not so cited: *Sloggy* v. *Dilworth*, 38 Minn. 179 (36 N. W. 451); *Langhorne* v. *Railway Co.* (Va.) 22 S. E. 159; *Blaisdell* v. *Stephens*, 14 Nev. 17; *Miles* v. *Du Bey*, (Mont.) 39 Pac. 313; *Sellick* v. *Hall*, 47 Conn. 260; *Bard* v. *Yohn*, 26 Pa. St. 482; *Stanley* v. *Railroad Co.* (Mo. Sup.) 21 S. W. 832; *Railway Co.* v. *Croskell* (Tex. Civ. App.) 25 S. W. 486; *Waller* v. *Railway Co.*, 59 Mo. App. 410; *Koelsch* v. *Philadelphia Co.*, 152 Pa. St. 356 (25 Atl. 522). In *Stanley* v. *Railroad Co.*, *supra*, on page 836, it is said: 'There is no doubt about the proposition that joint tort feasors are each liable, but, to hold them jointly liable, they should have either acted in concert, or the act of one would naturally result in causing the act of the others.' In *Railway Co.* v. *Croskell*, *supra* (page 486), the principle is announced that, to hold several jointly liable for an injury, it must have resulted proximately from their joint and concurrent negligence. In *Waller* v. *Railway Co.*, *supra*

(page 426), it is said: 'The case is grounded on two causes contributing to the injury; and it has been well said that when several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of these causes. *Ring* v. *City of Cohoes*, 77 N. Y. 83. There was here, according to the evidence, two efficient, proximate causes, both contributing to the injury inflicted. The party, therefore, who by his or its negligent act brought about one or both of these, is liable for the injurious consequences.' In *Koelsch* v. *Philadelphia Co.*, 152 Pa. St. 364 (25 Atl. 524), it is said: 'The concurrence of the presence of the gas and the lighting of the match, the negligence of the defendant with that of Walters, was necessary to, and did, cause the explosion.' In a note to *Village of Carterville* v. *Cook*, (Ill. Sup.) 16 Am. St. Rep. 251 (s. c. 22 N. E. 14), it is said: 'Where one act of negligence unites with another and like act, or with any other cause, in inflicting injury upon the person or property of another, whose negligence has not also contributed to his injury, and there exists no means of determining the extent to which the injury resulted from either negligent act, it is obvious that each person guilty of negligence must be either held entirely exonerated, or as answerable for the whole damages inflicted in part by his negligence. In all instances in which his negligence can be regarded as the proximate cause, or as one of the proximate causes, of an injury, he is answerable for the whole thereof, either separately or jointly, and severally with any other person whose negligence or other wrongful act may also have been one of the proximate causes of such injury.' The foregoing quotations, which were made for the purpose of illustration, show that two persons cannot be guilty of 'concurrent negligence,' so as to authorize a joint action against them for the injury resulting therefrom, unless the negligence of each was one of the efficient, proximate causes of the injury. Now, the first count of the declaration under consideration alleges, in substance, that on January 10, 1895, Elizabeth Turner was tenant for life of two warehouses situated on the east side of Main street, in this city; that the defendants were possessed of certain other warehouses, adjacent to, and north of, those

above mentioned; that the southern and outside wall of the warehouse possessed by the defendant Hutchinson was weak, unsafe, and defective, and wholly inadequate to support his said warehouse; that the party wall between the last named warehouse and that possessed by the defendant Chapman was also weak, defective, and wholly inadequate to support the said warehouses; that the defendants, whose duty it was to repair and strengthen the same, wrongfully and unjustly suffered and permitted the said party wall to be and continue unsafe, *etc.*; and that the defendant Hutchinson, whose duty it was to repair and strengthen the southern or outside wall of his warehouse, suffered and permitted the same to be and continue unsafe, *etc.*, by reason whereof the said walls and the said warehouses fell, and in falling crushed into and knocked down and destroyed the walls, *etc.*, of Elizabeth Turner's warehouses. From these allegations it may be gathered that the defendants wert severally, and not jointly, guilty of the negligent acts charged, namely, that of not repairing and strengthening their respective walls; but whether these acts, although several, concurred, each as an efficient, proximate cause, in producing the injury complained of, cannot be ascertained therefrom. Hence, as the count does not show a joint cause of action against the defendants, the demurrer must be sustained. And the second count, it seems to me, is defective for the same reason."

Herein we find the law fully and carefully stated. Error, however, is plainly apparent in the conclusion reached when applying the law to the allegations, which is here repeated in italics: "*From these allegations it may be gathered that the defendants were severally, and not jointly, guilty of the negligent acts charged, namely, that of not repairing and strengthening their respective walls; but whether these acts, although several, concurred, each as an efficient, proximate cause, in producing the injury complained of, can not be ascertained therefrom.*" If it is meant by this that it is not apparent from the declaration that each of the separate acts of negligence was sufficient in itself, alone, to have produced the injury, then the statement is true, for the declaration does not so allege; but, on the other hand, if it is intended to mean that the separate acts of negligence co-existing did not jointly concur to produce

the wrong complained of, then the statement contradicts the plain allegations of the declaration, which, after setting out the separate acts of negligence, says, "by reason whereof," to wit, the separate acts of negligence so set out jointly, concurring, produced the injury sued for, which was a single injury, to wit, the destruction of the property in controversy. To arrive at such a conclusion, the judge, instead of regarding the allegations as true, controverted them, and in effect, held that although the declaration alleges that the separate, co-existent acts of negligence jointly concurred in producing the wrong complained of, yet because it can not be gathered from the allegations that each was an efficient, proximate cause in producing the injury complained of, the defendants would be liable separately, and not jointly. His honor must have had some other state of facts in his mind than those contained in the declaration, when he made this ruling, and thus been misled into the error committed; for to say that an injury was caused by two separate, co-existent, concurring acts of negligence, is equivalent to saying that each was an efficient, proximate cause, contributing to and producing such injury, and that it was not the result of one of the causes alone, but by both concurring. It might not have happened, but for the concurrence. A strong pillar and a weak one may support a wall, but, if they are both weak, the wall will fall. Two separate persons are obligated to make each pillar strong. If either does his duty the wall may stand; but if each neglects his duty, and the wall falls, they are jointly and severally liable for the injury that follows to any one. As each contributed to the injury, they are each liable for the whole injury, and therefore can be sued jointly without in any wise increasing their separate liabilities; and of such suit neither has any right to complain. Nor is it necessary for either, to escape liability himself, to show the other at fault; but he is only called upon to defend himself, in case there is evidence tending to show his guilt, by establishing his freedom from blame. It is not a question of comparative negligence, but of contributory; for, if the negligence of one of two defendants contributed towards the injury, he can not escape liability by showing greater negligence on the part of his co-defendant. Such a question might affect the

matter as between themselves, but not the right of the plaintiff to compel either or both of them to pay his whole damage.

The illustration given by defendants' counsel of two persons shooting a third, if carried far enough, would have rendered this matter plain. If two persons at the same time shoot a third, with separate pistols, in different, and not vital parts of his body, they are separately liable for the injury produced; but if they both strike a vital part of the body, and death ensue, then they would be jointly and severally liable. And the same would follow if both should strike the same eye and destroy it, or strike separate eyes and destroy sight. In each case each would be equally to blame for the resulting injury. In the case under discussion, according to the allegations, each of the defendants was guilty of negligence, in not having a sufficient wall to sustain his building, by reason whereof both buildings fell upon and destroyed plaintiff's building. They did not fall at different times, nor on different parts of plaintiff's building, as appears from the declaration, but fell together, in one mass, undistinguishable, upon and crushed the same, so that it is impossible to say which produced the greater ruin, or to separate the extent of damage by each; but, both contributing thereto, both are liable for the whole damage done, and can not complain because they are both brought before the court in the same suit. If, on the evidence, it should turn out that either was not guilty of the negligence charged, such defendant would go free, while the other, being guilty, would have no reason to complain of the misjoinder.

The second ground of demurrer is sufficiently answered by section 37, chapter 58, Code, which is as follows, to wit: "The committee of an insane person shall be entitled to the custody and control of his person (when he resides in the state and is not confined in another hospital or jail); shall take possession of his estate, and may sue and be sued in respect thereto, and for the recovery of debts due to or from the insane person. He shall take care and preserve such estate, and manage it to the best advantage," *etc.* Section 38 provides: "If the personal estate of such insane person be insufficient for the discharge of his debts, and the residue thereof, after the payment of the debts,

and the rents and profits of his real estate, be insufficient for his maintenance and that of his family, if any, the committee of his estate may petition the court by which he was appointed, for authority to mortgage, lease or sell so much of the real estate of such insane person as may be necessary for the purposes aforesaid," *etc*. The word "lease," here used, does not refer to the annual rental of such real estate, which is included in the general powers of the committee, as is clear from the context, but to some act extending to and affecting the corpus of the property, such as mining for coal or other minerals, cutting timber, or doing other acts which, if done without authority, would be considered waste or destruction of the freehold. To do any act of this character, the committee must have authority from the court on a proper showing of the necessity therefor, but not so as to the annual rental thereof, or keeping the same in proper repair, which is a duty incident to, and imposed upon him by, his appointment. And if he exceeds his legal authority, to the enhancement or preservation of the estate, the court, on proper application and showing, will ratify and confirm his action. A mere trespasser, however, has no right to object to his conduct of the estate. It was not only the legal right, but it is made the legal duty, of the committee to sue in case of trespass thereto.

The third ground relied upon is equally untenable, for there is nothing in the declaration to show the character of the lease, as to whether there were any conditions or covenants to repair, and pay rent in any event, or otherwise, but simply an allegation of the naked renting of the property in its then condition, which would preclude the idea that the lessee was to restore the building, or pay rent for its use and occupancy after it was destroyed without fault on his part. He rented and covenanted to pay for a building, and not a ruin. The authorities referred to do not sustain the argument of counsel. Tayl. Landl. & Ten. § 520; *Gates* v. *Green*, 27 Am. Dec. 68.

The allegations relating to the measure of damages do not render the declaration demurrable, although they may amount to mere surplusage, as the measure of damages is the amount necessary to make good the loss sustained, which must be determined by the jury from the facts and

circumstances shown in evidence. For the foregoing reasons the judgment is reversed, the demurrer overruled, and the case is remanded for further proceedings.

*Reversed.*