# CHARLESTON.

## HESSON *v.* PENN FURNITURE CO.

Submitted February 23, 1910.    Decided December 19, 1911.

1. MASTER AND SERVANT—*Injuries to Servant—Declaration—Contributory Negligence.*

    A declaration, in an action to recover damages for injury to the servant from defective machinery furnished by the master, is not bad on demurrer, as disclosing contributory negligence because the things making the machinery defective were evidently visible, when it does not appear that those things were palpably noticeable in relation to unsafe use of the machinery. (p. 142).

2. SAME—*Injuries to Servant—Assumption of Risk—Promise to Remove Danger.*

    Where the servant refrains from abandoning a dangerous service in consequence of assurances by the master that the danger shall be removed, the duty of the master to remove the danger is manifest and imperative, and he is not in the exercise

of ordinary care until he makes good the assurances. In such case, the servant assumes the risk only when the danger is so patent that a reasonably prudent man would not incur it. (p. 142).

3. TRIAL—*Instructions—Curing Error.*

Although an instruction standing alone may have been mis-leading, the verdict of the jury will not be disturbed on its account where the objection was removed by the giving of other consistent instructions. (p. 144).

Error to Circuit Court, Cabell County.

Action by V. E. Hesson against the Penn Furniture Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*Holt & Duncan,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff was employed in the furniture factory of defendant. While planing timber on a machine called a jointer, he was injured. The knives of the machine cut off parts of the thumb and two middle fingers of his right hand. He claims the injury was caused by defects in the machine, carelessly allowed by defendant. In this action for damages, based on the injury, a jury awarded plaintiff five hundred dollars, and the court rendered judgment on the verdict. Defendant seeks a reversal.

The demurrer to the declaration was rightly overruled. Each count is sufficient. The first count does not disclose contributory negligence on the part of plaintiff, as defendant insists. It does not show that the defects in the machine were so palpable that a man of ordinary prudence must have observed them. True, as to one of the alleged defects, the absence of a guard, it may be said that any man with eyesight could observe that the machine had no guard over the knives. Still, while one would observe that the machine had no guard, the necessity of such a contrivance in relation to the safe use of the machine would not necessarily be palpably presented. The second count is good under principles recently reviewed in *Parfitt* v. *Veneer & Basket Company,* 68 W. Va. 438. The insistence against its

sufficiency is answered by the following: "If the servant * * * who has knowledge of defects in machinery gives notice thereof to the proper officer, and is promised that they shall be remedied, his subsequent use of it, in the well-grounded belief that it will be put in proper condition within a reasonable time, does not necessarily, or as a matter of law, make him guilty of contributory negligence." *Hough* v. *Railway Co.,* 100 U. S. 213.

The objections to some testimony that was admitted, and the exceptions to the refusal of some that was offered, urged in the brief for defendant, must be overruled. It suffices to say that we see no error in this regard. All this testimony related to the absence of a guard on the machine. That ground of the case was properly submitted for the determination of the jury. Plaintiff, however, presented another ground on which the verdict and judgment may safely rest. That ground is that defects other than the want of a guard existed and caused his injury. He made a case under the second count of the declaration. He showed that though he reported to defendant's representative in charge the fact that there was "something wrong" with the machine yet he continued to work with it under order of defendant to do so and a promise that the machine would be speedily repaired. He introduced evidence tending to establish that the failure of defendant to repair latent defects in the machine, other than the want of a guard thereon, caused his injury in a few hours after he returned to work relying on defendant's promise to repair. There is ample evidence to support the verdict on this feature of the case. Plaintiff presented relevant facts and circumstances justifying a finding in his favor under the following sound principle: "If the servant, having a right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances that the danger shall be removed, the duty to remove the danger is manifest and imperative, and the master is not in the exercise of ordinary care unless or until he makes his assurances good. Moreover the assurances remove all ground for the argument that the servant, by continuing the employment, engages to assume its risks." 2 Cooley on Torts, (3rd ed.), 1157. Of course this rule does not apply where the

danger is so obvious that a reasonably prudent man would not incur it. In the case at hand, however, there is no evidence tending to establish that the danger of continuing work with the jointer was so patent.

The case was properly submitted to the jury. We find no error in the giving or in the refusing of instructions. Those that were denied to defendant were fairly and fully covered by others given on its behalf. All of defendant's theories of the case were plainly presented by instructions to the jury. The instructions given for plaintiff are proper ones under the facts of the case and the law applicable thereto. Numbers one and two have been criticized because they do not take into consideration the theory of contributory negligence. In the sense of directly mentioning contributory negligence, they do not take it into consideration. But they indeed do provide for that feature of the case. The first one makes a finding in favor of plaintiff to turn on the jury's believing that the defects in the machine were "the direct and proximate cause of the injury." Those defects could not be the direct and proximate cause if plaintiff was injured by his own contributory negligence. The second one makes a finding in plaintiff's favor to turn on the jury's believing that the injury was "a result of the failure of defendant to equip said machine with a proper guard." The injury could not be such result if plaintiff caused it himself. So both instructions do recognize defendant's theory of contributory negligence. Both are binding instructions, and if they stood alone, we should say they would be much better with plain provision in them as to the question of contributory negligence. But instructions for defendant in the plainest terms cover all this ground of contributory negligence. They indeed made clear to the jury the terms we have quoted from these two of the instructions given for plaintiff. Defendant's instructions on the subject of contributory negligence provide against all misunderstanding of the terms employed in these two instructions for plaintiff. Taken together, the instructions for both sides presented the subject clearly to the jury, even if these two instructions alone did not do so. As much as may be argued against the two instructions for plaintiff which we have specially mentioned is, that standing alone they would tend to mislead the jury because

they do not affirmatively recognize the theory of contributory negligence. In *State* v. *Cottrill,* 52 W. Va. 363, Judge BRANNON commented on a situation analogous to the one under consideration. He said: "It has been often held that incompleteness in one instruction may be cured by another. *State* v. *Prater* (this term) so holds. It is true we cannot say this where instructions are inconsistent, because they leave the way uncertain to the jury, *Ward* v. *Ward,* 47 W. Va. 766, but where both can co-exist, the one casting light on the other, each must have its effect, and both be considered like two statutes relating to the same matter; the one adds to the other. 'All instructions given are the instructions of the court regardless of who requests them, and are to be considered together.' *Gray's Case,* 92 Va. 772." Without doubt, these two instructions for plaintiff were made perfectly clear by defendant's instructions. While the former latently embraced consideration of contributory negligence, the latter, entirely consistent with the former, brought the subject plainly to the notice of the jury. We may indeed safely hold that, although an instruction standing alone may have been misleading, the verdict of the jury will not be disturbed on its account where the objection was removed by the giving of other consistent instructions. *Russell Creek Coal Co.* v. *Wells,* 96 Va. 416.

A thoughtful consideration of the record leads to an affirmance of the judgment. It will be so ordered.

ON PETITION FOR REHEARING.

ROBINSON, JUDGE:

Defendant seeks a rehearing on the authority of *Standard Oil Co.* v. *Helmick,* 148 Ind. 457. It is true that the opinion in that case promulgates a doctrine, relative to the promise of the master to repair defective machinery, which is contrary to the well established rule affirmed by us in the foregoing opinion. But the Indiana court has expressly condemned *Standard Oil Co.* v. *Helmick* in the particular to which we refer. See *McFarlan Carriage Co.* v. *Potter,* 158 Ind. 117. This later case says that the former case cannot be accepted as authority on the point. And the later case directly sustains the very principle we apply in the case at hand.         *Affirmed.*