LAWRENCE JOHNSON *v.* MAJESTIC STEAM LAUNDRY

(No. 7537)

Submitted October 31, 1933.    Decided November 21, 1933.

*File, Goldsmith & Scherer,* for plaintiff in error.
*Wm. M. Holroyd,* and *Bailey & Shannon,* for defendant in error.

KENNA, JUDGE:

This case grew out of exactly the same circumstances as did the case of *Robert Scales* v. *Majestic Steam Laundry,* decided concurrently herewith. The two cases were argued and submitted together, and, except in the respects noted, the assignments of error are the same. There is no substantial difference in the testimony, in so far as the assignments of error are concerned. All excepting the second and fourth assignments of error in this case have been sufficiently dealt with in the *Scales* case and will not be separately treated here.

The second assignment of error in this case is to the action of the court in refusing to set aside the verdict and grant defendant a new trial on account of questions propounded by plaintiff's counsel to defendant's witness, Alex Trotsky. At one point, the following question was asked Trotsky: "You mean to tell the jury you didn't have a half gallon of liquor with you and Arthur Phillips going to Devil's Fork?" The witness answered by a denial. There was no objection. At another point in the record, the same witness was asked: "Have you quit bootlegging?" There was an objection interposed and sustained before the witness had an opportunity to reply. There was no request made of the court for further action at the time, and the trial proceeded. It may be conceded that both questions, under the circumstances of the case, were improper; but we do not believe that in either is there error prejudicial to the defendant below, in the one case, because there was no objection interposed and the witness' unequivocal denial seems to have ended the matter, and, in the other case, because an objection was promptly sustained, and no further action at the time was asked of the trial court. If the plaintiff below considered itself aggrieved to the extent of requiring further action of the trial court, its request there-

for should have been made at the time. *Allen* v. *Garibaldi,* 187 N. C. 798, 123 S. E. 66; *Smith* v. *Wilson* (Mo. App.), 296 S. W. 1036; 3 C. J. 832.

The fourth assignment of error is to the giving of plaintiff's instruction No. 3. Instruction No. 3 reads as follows:

"The court instructs the jury that Chapter 17, Article 8, Section 6 of the Code of West Virginia provides that an operator of an automobile in rounding curves shall keep said automobile to the right of the highway as far as is reasonably possible and the jury is further instructed that if you believe from the evidence in this case that the defendant, in rounding the curve on which the wreck occurred, did not keep said automobile then and there being driven by him as far to the right on said highway as was reasonably possible, and that his failure to do so was the cause of the accident, or contributed to the accident in question, it is your duty to find for the plaintiff, unless you shall further believe that the defendant in said meeting did not keep his automobile to his right on the highway as far as was reasonably possible, or was guilty of other contributory negligence."

This instruction tells the jury that they may find for the plaintiff if the negligence of the defendant *contributed to the accident,* unless they further believe that the *defendant* did not keep his automobile as far as reasonably possible to the right on the roadway. If the language "unless you shall further believe that the defendant", etc., had been stated correctly to read "plaintiff" instead of "defendant", then it might be said that the part of the instruction which follows would correct, or, at least, nullify the error which exists in, the first part telling the jury that the contributory negligence of the defendant is a sufficient basis of recovery. Perhaps, through inadvertence the word "defendant" in the instruction has been placed where the word "plaintiff" should appear. This confusion in the latter part of the instruction prevents that part from clarifying what goes before. The part of the instruction that makes it possible for the jury to find for the plaintiff if it believes the defendant guilty of contributory negligence is manifestly erroneous. It makes recovery possible with the contributory negligence of plaintiff

admitted. The defendant in error insists that by turning to the instructions of the defendant below, we find the correct proposition of law repeated and that the vice, if any, in plaintiff's instruction No. 3 is thereby cured. This we cannot do, for the reason that good instructions do not cure bad instructions, and a binding instruction must be complete within itself. Feeling that this instruction is clearly bad, and that it may have seriously misled the jury to the prejudice of the defendant below, the judgment must be reversed, the verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*