IRA S. UNDERWOOD

*v.*

CHARLES E. GOFF

(No. 10029)

Submitted September 14, 1948. Decided October 12, 1948.

*Parrack, Snyder & Wehner, F. E. Parrack,* and *Charles V. Wehner,* for plaintiff in error.

*H. R. Athey* and *H. G. Shores,* for defendant in error.

KENNA, JUDGE:

Seeking a recovery for personal injury resulting from an automobile accident in Preston County, Ira S. Underwood brought this action of trespass on the case against Charles E. Goff claiming that he had been damaged to the extent of ten thousand dollars. To a judgment based upon a verdict of seventy-five hundred dollars the defendant below was granted a writ of error.

The collision occurred on U. S. Route 50 at the southern intersection with State Route 72 between Fellowsville and Erwin. At about one-thirty on the afternoon of February 25, 1946, the plaintiff was driving his 1939 Ford passenger car east on Route 50. The defendant was driving west in a one and one-half ton Chevrolet truck. At this point there is a sharp curve in Route 50 to the plaintiff's left and the defendant's right, so marked by the State Road Commission. While the general direction of Route 50 is east and west, it winds on both sides of the scene of the collision so that the defendant's approach to the intersection ran practically due north and south. For that reason State Route 72, approaching from the south, was in practically direct line with the eastern approach

of Route 50. If the plaintiff intended to follow Route 50 he would have had a left or northern turn at almost a right angle.

The entrance to the southern intersection of Route 72 is split by a tree standing in its middle so that going south and keeping to the right requires a person traveling west on Route 50, as defendant was, to pass the eastern tongue of the intersection and enter Route 72 on its western side. This the defendant attempted to do, crossing the traffic lane on Route 50 to his left, it being the plaintiff's right hand lane going east. The plaintiff's car struck the defendant's truck on its right side in front of its dual rear wheel, practically demolishing both vehicles and severely injuring the plaintiff so that he is now incapacitated to follow his usual occupation of railroad engineer. He was taken to Rowlesburg that afternoon and that evening went to the Fairmont General Hospital where he was hospitalized for about six days and at the time of trial was still under a physician's observation.

There is conflict in the testimony concerning visibility, signals and speed, and of the defendant's fifteen assignments of error we are of the opinion that all but the three to be discussed have been settled by the verdict.

The plaintiff in error takes the position that the trial court should have directed a verdict for the defendant below because the plaintiff was bound by the allegations of his declaration, one of which was to the effect that "on the day and year aforesaid" he was driving east at the rate of thirty miles an hour and that since at the place of collision the State Road Commission had erected a "sharp curve" sign, driving at that speed at that place was in plain violation of Code, 17-8-12, and that consequently plaintiff, as a matter of law, was guilty of contributory negligence. We agree with the plaintiff in error's contention that the plaintiff below cannot be permitted to testify in contradiction of the express allegations of his own declaration. *Pettry* v. *Hedrick,* 123 W. Va. 107, 108, 13 S. E. 2d 401. We do not, however, agree that the declaration alleges that the plaintiff was driving at a speed of

thirty miles an hour at the moment of impact or immediately before the impact. The allegation is merely a part of the declaration's inducement and descriptive only of the general conduct of the plaintiff in going east along Route 50. It does not necessarily conflict with his testimony that in rounding the curve he was driving only fifteen miles an hour.

The plaintiff in error complains because counsel for plaintiff below was permitted to ask Deputy Sheriff Jesse Benson, a witness for the plaintiff recalled to the stand by the defendant, the following question upon cross-examination:

"You being trained in these matters, if you were driving a car West or a truck West on Route 50, on your right hand side, and had passed to the West side of the oak tree, and you could see a car coming in the distance you could see, a hundred feet, you say, would you, as an expert, turn your car in over that man's right of way?"

In our opinion it was error to overrule the objection to the question. The fact the defendant had adopted the witness and had attempted to qualify him as a driving expert did not make it a proper question, although it might be said to be invited error, if improper. The subject matter of the question, in our opinion, does not require a response that is based upon expert knowledge. The driving of motor vehicles is a common practice in the performance of which a great number of persons have had years of experience. What is safe and what is not safe, what is prudent and what is not prudent, is not to be determined by experts, but by the average person whose reasonable care, subject, of course, to legislation, is the rule followed by the courts. However, we do not believe that it was prejudicial to the defendant to permit the question to be answered and to decline to strike. The instructions of the court concerning negligence and the plaintiff's right to recover, the conduct of an ordinarily prudent person, coupled with the fact that the question related to a subject of common and ordinary knowledge rather than to one under which the jury re-

quired enlightment, prevents prejudice. Furthermore, there is no statement of fact contained in the question that is controverted by the defendant and his objection to it was only general.

Plaintiff's instruction No. 2 reads as follows:

"The Court instructs the jury, that if they find from the evidence that the defendant failed to do that which an ordinarily prudent person would have done under the circumstances in this case, or that he did something which an ordinarily prudent person would not have done under the circumstances in this case, resulting in the injury to the plaintiff, then the plaintiff is entitled to recover such damages as he may have sustained, not exceeding the sum of $10,000.00."

The defendant objected to the giving of this instruction because: first, its language is too vague and general; and, second, because it is binding and fails to negative contributory negligence.

The giving of abstract instructions of course is not favored but it is not necessarily reversible error. However, the instruction under consideration was copied verbatim from an instruction approved by this Court in *Brogan v. Union Traction Company*, 76 W. Va. 698, 86 S. E. 753, as is shown by an examination of the record in that case. Consequently, although not approving it, we are of the opinion that its giving was not prejudicial error in so far as the first point urged against it is concerned.

Whether erroneous to give a binding instruction at the request of the plaintiff which fails to negative contributory negligence where that defense is relied upon, was a matter of some confusion in this jurisdiction until the decision of *Bragg v. C. I. Whitten Transfer Co.*, 125 W. Va. 722, 26 S. E. 2d 217. The opinion in the *Bragg* case, after reviewing apparent inconsistencies in cases decided by this Court, adopts as its only syllabus the first syllabus from *Nichols v. Mining Company*, 113 W. Va. 631, 169 S. E. 451, thus expressly holding that, where relied upon

as a defense, it is prejudicial error to give for the plaintiff an instruction that is binding and fails to negative contributory negligence. To the same effect is the more recent case of *Skaff* v. *Dodd,* 130 W. Va. 540, 44 S. E. 2d 621. Consequently, the rule in this jurisdiction is that a binding instruction which fails to negative contributory negligence, when urged as a defense, is incomplete and that the giving of an incomplete binding instruction on behalf of the plaintiff constitutes reversible error.

The judgment of the Circuit Court of Preston County is therefore reversed, the verdict set aside and the defendant below awarded a new trial.

*Reversed.*