124 S.E.2d 460 (1962)
John Douglas METRO, etc.,
v.
William F. SMITH, Jr.
Anna METRO
v.
William F. SMITH, Jr.
No. 12111.
Supreme Court of Appeals of West Virginia.
Submitted January 16, 1962.
Decided February 27, 1962.
*461 Fletcher W. Mann, Beckley, for appellant.
Ned H. Ragland, Beckley, for appellees.
GIVEN, Judge.
John Douglas Metro, an infant seventeen years of age, instituted an action in the Circuit Court of Raleigh County, against William F. Smith, Jr., for recovery of damages for personal injuries alleged to have resulted from negligent operation of an automobile by defendant. Another action was instituted against the same defendant *462 by Anna Metro, mother of the infant, for recovery of medical and hospital expenses necessarily incurred in treatment of the injuries to the infant growing out of the accident. The cases were consolidated, and a verdict was returned in the principal case for plaintiff in the amount of $3,500.00, and in the other case for the amount of $1,399.30. Judgments in the amounts of the respective verdicts were entered against the defendant. The same principles are controlling as to each judgment.
The accident occurred on March 19, 1960, about ten o'clock P.M., on U. S. Route No. 21, between Beckley and Mt. Hope. A vehicle in which the infant plaintiff was riding was traveling in a northerly direction, in a direction toward Mt. Hope. The vehicle belonged to the mother of the infant plaintiff, and was being operated by his sister. In addition to the infant plaintiff and his sister, three other persons were passengers in the vehicle, usually referred to as the Metro car. The other vehicle, owned and then being operated by defendant, was traveling in a southerly direction, toward Beckley. One passenger was riding with defendant.
The accident occurred near the top of a hill, a distance of approximately forty or fifty feet from the top, after the defendant's car had crossed the hill and descended that distance. A heavy snow was falling at the time, interfering greatly with visibility. The road was covered with snow and was very slippery. It is not disputed that one automobile, in front of the Metro car, had stalled because of the slippery condition of the road, causing the Metro car to come to a stop just behind it. The infant plaintiff and two other passengers of the Metro car assisted in pushing the stalled car to the top of the hill, and had returned to the Metro car and were attempting to push it up the hill when the infant plaintiff was struck by the defendant's car.
There exists a conflict in the evidence as to the position of the infant plaintiff at the time he was struck. His evidence is to the effect that at that time he was immediately to the rear of the left rear fender of the Metro car, pushing, or just ready to begin pushing, the Metro car. The evidence of defendant is to the effect that the infant plaintiff was to the left of the Metro car, with his body extending beyond the left of the center of the highway, or in the path of the defendant's car. Defendant's evidence is to the effect that he did not see the infant plaintiff until he emerged from the rear, or from a point near, the Metro car, into the path of defendant's car, three or four feet before the point at which he was struck, too late for defendant to have avoided striking him. To some extent, at least, defendant's testimony in this respect is corroborated by the witness who was a passenger in defendant's car.
Defendant also strongly contended, and some evidence would tend to support the contention, that the Metro car was to its left of the center of the highway, making it necessary for the defendant to drive his own car onto the berm in order to avoid a collision with the Metro car, and that in doing so his own car was unavoidably caused to skid, resulting in the collision. The evidence of the plaintiffs, however, strongly indicates that the Metro car was on its right side of the highway and that it was not at an angle across the highway, as contended by defendant.
On further cross-examination, the infant plaintiff was asked certain questions, and made answers thereto, as follows: "Q. * * * which way were you looking as you stood back there half way behind the car and half way out? A. Well, I must have had my head down because I wasn't looking straight ahead. Q. You wasn't looking straight ahead of you? A. No, sir, if I had, I could have seen Mr. Smith coming. Q. But you weren't looking straight ahead? A. No. Q. And you didn't see him coming? A. No. Q. Now, if you had seen him coming, you could have stepped back behind the car and been safe? A. Yes. Q. You didn't make any attempt to get back behind the car, *463 did you? A. As soon as I looked up, there he was. I didn't have a chance to say scat. Q. How close to you was the Smith car when you first saw it? A. I guess it was about two or three feet maybe. Q. Two or three feet? A. Yes, sir. Q. Now, if you had been looking you could have seen it as it first came over the top of the hill, couldn't you? A. Yes."
It is vigorously contended by defendant that the testimony of the infant plaintiff just quoted establishes, as a matter of law, that he was contributorily negligent, that such negligence contributed proximately to the injuries, and that the trial court should have instructed the jury to find for defendant. We are of the opinion, however, that the question of contributory negligence of the infant plaintiff was one for the jury.
In Davis v. Sargent, 138 W.Va. 861, 78 S.E.2d 217, we held: "3. The questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them."
Though the testimony of the infant plaintiff could have served as the basis for a finding of contributory negligence, the jury was entitled to consider the other evidence, especially that relating to the weather and road conditions, the position of the Metro car, the position of the infant plaintiff at or near the time of the accident, and the necessity for the efforts in the attempt to move the Metro car up the hill. If the jury believed, as they had a right to do, that the Metro car and the Metro boy, at the time of the accident, were entirely to their right of the center of the highway, they would be justified in finding that the boy was not negligent, though the facts testified to by him were true. Clearly, reasonable minds might differ as to whether all of the facts, in the circumstances of the particular case, indicated that the infant plaintiff was using ordinary care in attempting to push the Metro car. Most certainly, "reasonable men may draw different conclusions" as to the effect of such facts, or even as to the facts admitted by the infant plaintiff, in the circumstances of the instant case. See Isgan v. Jenkins, 134 W. Va. 400, 59 S.E.2d 689; Davis v. Pugh, 133 W.Va. 569, 57 S.E.2d 9; Yuncke v. Welker, 128 W.Va. 299, 36 S.E.2d 410.
The only other error assigned as ground for reversal of the judgments complained of relates to the action of the trial court in giving plaintiffs' Instructions A, B and D. The complaint as to each instruction relates to the same principle, and is based on language found in Instruction A, or language to the same effect in Instructions B and D. Instruction A told the jury that if the "* * * conduct on the part of the defendant contributed proximately to the Metro boy's injuries, then you may find in favor of plaintiff against defendant in each action, unless you further believe that the Metro boy, at the time of the accident, was not using due care in his own behalf." (Emphasis supplied.)
The contention is made that the language quoted permits the jury to find for the plaintiffs even though the negligence of the infant plaintiff contributed proximately to the cause of the injury, and reliance is had on the holding in Johnson v. Majestic Steam Laundry, 114 W.Va. 352, 171 S.E. 902. There we held: "2. An instruction which in effect tells the jury that if they believe from a preponderance of the evidence that the negligence of defendant contributed to the accident causing injury they may find for plaintiff is prejudicially erroneous." The instruction there considered actually told the jury that if they believed that the defendant "* * * did not keep said automobile then and there being driven by him as far to the right on said highway as was reasonably possible, and that his failure to do so was the cause of the accident, or contributed to the accident in question, it is your duty to find for the *464 plaintiff, unless you shall further believe that the defendant in said meeting did not keep his automobile to his right on the highway as far as was reasonably possible, or was guilty of other contributory negligence." In the opinion the Court stated: "This instruction tells the jury that they may find for the plaintiff if the negligence of the defendant contributed to the accident, unless they further believe that the defendant did not keep his automobile as far as reasonably possible to the right on the roadway. If the language, `unless you shall further believe that the defendant,' etc., had been stated correctly to read `plaintiff' instead of `defendant,' then it might be said that the part of the instruction which follows would correct, or at least nullify the error which exists in, the first part telling the jury that the contributory negligence of the defendant is a sufficient basis of recovery. (Emphasis not supplied). Perhaps, through inadvertence the word `defendant' in the instruction has been placed where the word `plaintiff' should appear. This confusion in the latter part of the instruction prevents that part from clarifying what goes before. The part of the instruction that makes it possible for the jury to find for the plaintiff if it believes the defendant guilty of contributory negligence is manifestly erroneous. It makes recovery possible with the contributory negligence of plaintiff admitted. * *"
The principle, though correctly applied in the cited case, does not control in the instant case. Here one of the principal defenses relied on was that the negligence of the driver of the Metro car caused or contributed to the injuries, the contention being that the injuries were the result of the combined or concurrent negligence of the defendant and the driver of the Metro car. In other words, the injuries were the result of negligence of joint tort feasors. Only one of the supposed joint tort feasors, however, was proceeded against.
This Court has held that "Concurrent negligence creates joint liability". Point 1, Syllabus, Baker v. City of Wheeling, 117 W.Va. 362, 185 S.E. 842. In Starcher, Adm., etc. v. South Penn Oil Co., 81 W.Va. 587, 606, 95 S.E. 28, 35, quoting with approval from Thompson on Negligence, Section 7435, this Court stated: "If the concurrent negligence of two or more persons combined together results in an injury to a third person, he may recover from either or all. And in determining the liability of either of two persons whose concurrent negligence results in injury, the comparative degrees of negligence are not to be considered, each being liable for the whole even though the other was equally culpable, or contributed in a greater degree to the injury, or the proportion in which the negligence of each contributed to the injury, or the degrees of care used, is not to be considered. And where the negligent conduct of several at the same time and place combined in causing an injury, they acting in concert, all are liable, although they did not conduct themselves negligently by preconcert. So where the injury is the result of the neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them, they may be sued jointly. Nevertheless, in order to create a joint liability for an injury, the negligent acts of the parties sought to be charged must have concurred in producing it". See Sigmon v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; New River & Pocahontas Coal Company v. Eary, 115 W.Va. 46, 174 S.E. 573; Johnson v. Chapman, 43 W.Va. 639, 28 S.E. 744; 18 M.J., Torts, Section 3; 86 C.J.S. Torts § 34, et seq.
Of course, the negligence which renders a defendant liable for damages must be a proximate, not a remote, cause of injury, and where the alleged negligence involves only one defendant it must have constituted the sole cause of the injury. Obviously, however, where two or more persons, as joint tort feasors, through concurrent negligence, cause the injury, the "sole" negligent activity of one of them is not the sole cause of the injury, though all *465 or any one of them may be liable for the whole damages. In such instances, and the facts of the instant case bring it within the rule, the mere fact that the negligence of a joint tort feasor contributed to the injury can not defeat the right of the plaintiff to recover against the other joint tort feasor, and it was not error to so instruct the jury. In truth, it would have constituted prejudicial error to have instructed the jury that, to entitle plaintiffs to a recovery, the sole negligence of the defendant Smith must have constituted the "sole" cause of the injuries. See Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Roush v. Johnson, 139 W.Va. 607, 80 S.E.2d 857; Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Brewer v. Appalachian Constructors, Inc., 135 W.Va. 739, 65 S.E.2d 87; Sheff v. City of Huntington, 16 W.Va. 307. In the Brewer case we cited with approval the following statement from 65 C. J.S. Negligence § 110: "The negligence of the defendant need not be the sole cause of the injury, it being sufficient that it was one of the efficient causes thereof, without which the injury would not have resulted; but it must appear that the negligence of the person sought to be charged was responsible for at least one of the causes resulting in the injury." Moreover, in the instant case the instruction contained clarifying language which told the jury that the plaintiffs could not recover if the jury believed that the "Metro boy, at the time of the accident, was not using due care in his own behalf", and defendant's Instruction No. 1 told the jury that the Metro boy could not recover if the combined negligence of the defendant and the Metro boy "contributed to cause the accident", and defendant's Instruction No. 3 told the jury that if the Metro boy "was guilty of any negligence which proximately contributed to the accident", the verdict should be for the defendant.
If it be admitted that plaintiffs' Instructions A, B and D contain statements which, standing alone, probably were confusing, any such confusion was eliminated by consideration of the entire instructions, including instructions given on motion of defendant. While it is true that an error created by a bad instruction can not be eliminated by the giving of a good instruction covering the same principle, State v. Garner, 97 W.Va. 222, 124 S.E. 681, it is also true that, as this Court has many times held, instructions should be read as a whole and, "3. Although an instruction standing alone may have been misleading, the verdict of the jury will not be disturbed on its account where the objection was removed by the giving of other consistent instructions." Hesson v. Penn Furniture Co., 70 W.Va. 141, 73 S.E. 302. See Frazier v. Grace Hospital, Inc., 117 W.Va. 330, 185 S.E. 415; Wills v. Montfair Gas Coal Co., 104 W.Va. 12, 138 S.E. 749; State v. Snider, 81 W.Va. 522, 94 S.E. 981; Neil v. West Virginia Timber Co., 75 W.Va. 502, 84 S.E. 239; Stewart v. Parr, 74 W.Va. 327, 82 S.E. 259; Connolly v. Bollinger, 67 W. Va. 30, 67 S.E. 71; Lay v. Elk Ridge Coal and Coke Co., 64 W.Va. 288, 61 S.E. 156; State v. Cottrill, 52 W.Va. 363, 43 S.E. 244.
Though objection was made to plaintiffs' Instructions A, B and D, for the reason that they do not "sufficiently negative contributory negligence", no point of error is assigned in relation to such objection. Moreover, counsel for defendant, in the oral argument before this Court, we think, correctly, conceded that such question was not involved. As will be noticed from the language quoted, the instruction did unequivocally inform the jury that plaintiffs could not recover if the Metro boy failed to use "due care in his own behalf" at the time of the accident.
Finding no reversible error, the judgments complained of must be affirmed.
Affirmed.
HAYMOND, Judge (dissenting).
Though I concur in the holding of the majority that under the evidence in this case bearing upon the question of contributory *466 negligence upon the part of the plaintiff, that question was for the jury and that the trial court correctly applied the firmly established principle that questions of negligence and contributory negligence are for the jury when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, Graham v. Crist, W.Va., 118 S.E.2d 640; Overton v. Fields, W.Va., 117 S.E.2d 598; Lawrence v. Nelson, W.Va., 113 S.E.2d 241; Clay v. Walkup, 144 W.Va. 249, 107 S.E.2d 498; Lewis v. Mosorjak and McDonald, 143 W.Va. 648, 104 S.E.2d 294; Workman v. Wynne, 142 W.Va. 135, 94 S.E.2d 665; Prettyman v. Hopkins Motor Company, 139 W.Va. 711, 81 S.E.2d 78; Davis v. Sargent, 138 W.Va. 861, 78 S.E.2d 217; I cannot concur in the decision of the majority that the action of the trial court in giving the three instructions, designated as plaintiff's Instructions A, B, and D, did not constitute reversible error. In my judgment each of these instructions is palpably erroneous and completely misstates the law with respect to negligence and contributory negligence, contrary to all prior decisions of this Court in which such questions were involved. The action of the trial court in giving each of these instructions constituted prejudicial error which calls for reversal of the judgment and I emphatically dissent from the surprising and to my mind entirely unwarranted holding of the majority that such instructions are not prejudicially erroneous.
Until the present decision this Court has uniformly held without exception and in cases too numerous for complete and individual citation that in order to recover in an action based on the negligence of an individual defendant, as here, the plaintiff must prove that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains. A few of these many cases are Graham v. Wriston, W.Va., 120 S.E.2d 713; Davis v. Fire Creek Fuel Company, 144 W.Va. 537, 109 S.E.2d 144; Frye v. McCrory Stores Corporation, 144 W.Va. 123, 107 S.E.2d 378; Miller v. Bolyard, 142 W.Va. 580, 97 S.E.2d 58; Puffer v. The Hub Cigar Store, Inc., 140 W.Va. 327, 84 S.E.2d 145; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; McKinney v. Miller, 138 W.Va. 324, 75 S.E.2d 854; Holiman v. The Baltimore and Ohio Railroad Company, 137 W.Va. 874, 74 S.E.2d 767; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65; Divita v. Atlantic Trucking Company, 129 W. Va. 267, 40 S.E.2d 324; Fleming v. McMillan, 125 W.Va. 356, 26 S.E.2d 8; Jones v. Smithson, 119 W.Va. 389, 193 S.E. 802; Jones v. Virginian Railway Company, 115 W.Va. 665, 177 S.E. 621; Fleming v. Hartrick, 100 W.Va. 714, 131 S.E. 558; Donald v. Long Branch Coal Company, 86 W. Va. 249, 103 S.E. 55; Massie v. Peel Splint Coal Company, 41 W.Va. 620, 24 S.E. 644. Yet nowhere in any of the three instructions is there mention of "proximate cause", which is a vital and essential element of actionable negligence to justify a recovery. In lieu of these vital words are the words "contributed proximately". That the words "proximate cause" and the words "contributed proximately", which mean proximate contribution, are not legally or substantially the same is to me too obvious to be questioned or to justify debate. This Court has repeatedly held that the proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have resulted. Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65; Estep v. Price, 93 W.Va. 81, 115 S.E. 861; Schwartz v. Shull, 45 W.Va. 405, 31 S.E. 914. On the contrary "contributed proximately" necessarily implies that some additional "contribution" existed, that both together were necessary to cause the injury, and proximate contribution of itself did not produce or constitute the efficient or *467 proximate cause of the injury. Manifestly if a sole defendant merely "contributed proximately" to the injury his contribution is not the proximate cause of the injury and by every prior decision of this Court in which a recovery for actionable negligence was permitted or sustained, the negligence of the defendant was required to be the proximate cause of the injury. In short the expression "contributed proximately" does not mean, is not the equivalent of, and can not operate as a valid substitute for the express requirement of proximate cause of an injury in the law of negligence. The present decision, which departs from that basic and well established requirement, is to me cause for grave concern and must necessarily result in intolerable uncertainty and confusion with respect to what has been heretofore universally recognized as a fundamental requirement for a recovery based on negligence.
The holding of the majority as to instructions which incorporate a statement which in effect tells the jury that if the negligence of the single defendant merely "contributed proximately" to the injury, contrary to the true principle that such negligence must be the proximate cause of such injury, erroneously applies the doctrine of contributory negligence to the defendant and adopts it as a basis of recovery instead of restricting that doctrine to the plaintiff and applying it as a bar to any recovery by the plaintiff.
The action of the majority concerning the three clearly erroneous instructions is in direct conflict with the decision of this Court in Johnson v. Majestic Steam Laundry, 114 W.Va. 352, 171 S.E. 902, which correctly held in point 2 of the syllabus, as admitted in the majority opinion, that "An instruction which in effect tells the jury that if they believe from a preponderance of the evidence that the negligence of defendant contributed to the accident causing injury they may find for plaintiff is prejudicially erroneous." (Emphasis supplied.) The somewhat labored and completely unsuccessful effort of the majority to distinguish its holding in the case at bar from the decision of this Court in the Johnson case fails to point out any valid distinction between the two cases and in departing from the fundamental principle that the plaintiff, in order to recover in an action based on negligence, must establish by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the injury, the majority opinion should have expressly overruled, instead of attempting to distinguish, the holding of this Court on that point of the syllabus in the Johnson case.
The majority opinion, in effect, admits that the statements contained in Instructions A, B, and D, "standing alone, probably were confusing". It is clear to me that such statements were not only confusing and that such confusion was not eliminated by any consideration of the entire instructions or by any instructions given at the instance of the defendant, but instead the instructions in their entirety, being clearly erroneous in their misstatements of law, also tend to mislead the jury. For that reason, under many decisions of this Court, such instructions should have been refused and to give them constituted prejudicial error. An instruction which does not correctly state the law is erroneous. Preston County Coke Company v. Preston County Light and Power Company, W.Va., 119 S.E.2d 420; Overton v. Fields, W.Va., 117 S.E.2d 598; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; Wilson, Administratrix v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Thresher v. Amere Gas Utilities Company, 138 W. Va. 166, 75 S.E.2d 376; Moore v. Turner, 137 W.Va. 299, 71 S.E.2d 342, 32 A.L.R.2d 713; Thomason and Beggs v. Mosrie, 134 W.Va. 634, 60 S.E.2d 699; Gilkerson, Administrator v. Baltimore and Ohio Railroad Company, 129 W.Va. 649, 41 S.E.2d 188; Parrish v. City of Huntington, 57 W.Va. 286, 50 S.E. 416. It is reversible *468 error to give an instruction which tends to mislead and confuse the jury. Preston County Coke Company v. Preston County Light and Power Company, W.Va., 119 S.E.2d 420; Overton v. Fields, W.Va., 117 S.E.2d 598; Mulroy v. Co-Operative Transit Company, 142 W.Va. 165, 95 S.E.2d 63; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; Chaney, Administrator, v. Moore, 101 W.Va. 621, 134 S.E. 204, 47 A.L.R. 800; Frank v. Monongahela Valley Traction Company, 75 W.Va. 364, 83 S.E. 1009. An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not injured by the giving of such instruction. Preston County Coke Company v. Preston County Light and Power Company, W.Va., 119 S.E.2d 420; Overton v. Fields, W.Va., 117 S.E. 2d 598; Cato v. Silling, 137 W.Va. 694, 73 S.E.2d 731, certiorari denied, 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 764, rehearing denied, 349 U.S. 924, 75 S.Ct. 659, 99 L. Ed. 1256; Buffington v. Lyons, 71 W.Va. 114, 76 S.E. 129; Ward v. Brown, 53 W. Va. 227, 44 S.E. 488.
The erroneous and disturbing conclusion of the majority concerning the three instructions has resulted from its mistaken application of the doctrine of concurrent negligence to the single or individual defendant in this case. This is evident from the cases cited in the majority opinion in connection with the consideration of that doctrine by the majority. In all of the cases cited in the majority opinion, however, in which this Court recognized or applied the doctrine of concurrent negligence, two or more persons charged with negligence were impleaded and proceeded against as defendants in the proceeding. In each of the cited cases of Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Roush v. Johnson, 139 W.Va. 607, 80 S.E.2d 857; Wilson, Administratrix v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Brewer v. Appalachian Constructors, Inc., 135 W.Va. 739, 65 S.E.2d 87; Sigmon, Admx., v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; Baker v. City of Wheeling, 117 W.Va. 362, 185 S.E. 842; Starcher, Admr., etc. v. South Penn Oil Company, 81 W.Va. 587, 95 S.E. 28; Johnson v. Chapman, 43 W.Va. 639, 28 S.E. 744, in which concurrent negligence was dealt with or considered, there were at least two or more defendants. In none of those cases, or in any other case involving concurrent negligence, was the action, as here, against a sole defendant. It is clear from the above cited cases, and the many other cases in which concurrent negligence was involved, that the doctrine of concurrent negligence is applicable only when two or more persons charged with negligence are proceeded against as defendants to the proceeding. It clearly does not apply in a proceeding, as here, in which only one person is the defendant. Walker v. Robertson, 141 W.Va. 563, 91 S.E.2d 468. Any correct statement of the doctrine expressly refers to or deals with the concurrent wrongful acts or omissions of two or more persons. This Court has said in several cases that "Concurrent negligence occurs when two or more persons are guilty of negligence and the negligence of each in point of time and place concurs and proximately causes or contributes to the injury of another person." (Emphasis supplied). Point 4, syllabus, Hartley v. Crede, 140 W.Va. 133, 82 S.E. 2d 672; Ransom v. Otey, 144 W.Va. 810, 111 S.E.2d 21; Frye v. McCrory Stores Corporation, 144 W.Va. 123, 107 S.E.2d 378; Adkins v. Smith, 142 W.Va. 772, 98 S.E.2d 712; Wilson, Administratix v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Brewer v. Appalachian Constructors, Inc., 135 W.Va. 739, 65 S.E.2d 87; Sigmon, Admx., v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; Miller v. Douglas, 121 W.Va. 638, 5 S.E.2d 799; Starcher, Adm., v. South Penn Oil Company, 81 W.Va. 587, 95 S.E. 28. In Walker v. Robertson, 141 W.Va. 563, 91 S. E.2d 468, this Court correctly held in point 5 of the syllabus that "Concurring negligence relates to persons occupying the position of defendants and `Arises where the injury *469 is approximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently.' Black's Law Dictionary, Fourth Edition, Page 1185." From the foregoing it is clear that the doctrine does not apply in an action based on negligence in which there is only one defendant, as here, or sustain or justify the action of the majority concerning the instructions which disregard the basic requirement that the negligence of an individual defendant must be the proximate cause of, not a proximate contribution to, the injury to permit a recovery by the plaintiff.
The three instructions are also prejudicially erroneous in that each of them, in telling the jury that it may find in favor of the plaintiff if the jury believe from a preponderance of the evidence that the negligence of the defendant contributed proximately to the injury, fails to negative contributory negligence upon the part of the plaintiff. The language of the instructions on that point is that the jury may find for the plaintiff unless it further believes that the plaintiff, "at the time of the accident, was not using" due care, or ordinary and reasonable care, "in his own behalf." That language does not satisfy the requirement that the jury must believe that the plaintiff was not guilty of contributory negligence before it is authorized by a binding or permissive instruction to return a verdict in favor of the plaintiff. Such an instruction is incomplete and erroneous if it does not specifically negative contributory negligence. Graham v. Wriston, W.Va., 120 S. E.2d 713; McMicken v. Province, 141 W. Va. 273, 90 S.E.2d 348, 59 A.L.R.2d 470; Payne, Admr. v. The Virginian Railway Company, 131 W.Va. 767, 51 S.E.2d 514; Underwood v. Goff, 131 W.Va. 662, 49 S.E. 2d 860; Skaff v. Dodd, 130 W.Va. 540, 44 S.E.2d 621; Vaughan v. Oates, 128 W.Va. 554, 37 S.E.2d 479; Bragg v. C. I. Whitten Transfer Company, 125 W.Va. 722, 26 S.E. 2d 217; Nichols, Adm'r. v. Raleigh Wyoming Mining Company, 113 W.Va. 631, 169 S.E. 451. In Graham v. Wriston, W.Va., 120 S.E.2d 713, this Court, quoting the syllabus in Nichols, Adm'r. v. Raleigh Wyoming Mining Company, 113 W.Va. 631, 169 S.E. 451, held in point 7 of the syllabus that: "Ordinarily, where contributory negligence of the plaintiff is relied on as a defense, it is prejudicial error to give for the plaintiff an instruction which directs the jury to find for the plaintiff if certain recited facts are believed by the jury from the evidence, but which instruction does not specifically negative contributory negligence on the part of the plaintiff. The error involved in the giving of such erroneous instruction is not corrected by the giving to the jury of other instructions covering contributory negligence."
In Payne, Admr. v. The Virginian Railway Company, 131 W.Va. 767, 51 S.E.2d 514, the language "without fault on his part" was held to be insufficient to negative contributory negligence. In Skaff v. Dodd, 130 W.Va. 540, 44 S.E.2d 621, the language in various instructions that if the jury believes that the plaintiff, "while exercising ordinary care as aforesaid", "in attempting to cross Virginia Street was exercising ordinary care for his own safety", "was exercising ordinary care in attempting to cross Virginia Street at the point of injury immediately after leaving said bus", and "was exercising ordinary care for his own safety at the time of injury" was held to be insufficient to negative contributory negligence. In Bragg v. C. I. Whitten Transfer Company, 125 W.Va. 722, 26 S.E.2d 217, the expression in an instruction that if the jury "believe the plaintiff himself without negligence" was held to be insufficient to negative contributory negligence. It is clear to me that if the expression in the instruction in the Skaff case to the effect that the plaintiff "was exercising ordinary care for his own safety at the time of injury", the expression in the instruction in the Bragg case that if the jury believe "the plaintiff himself without negligence", and the expression in the instruction in the Payne case that the plaintiff was "without fault on his part", did not specifically negative contributory negligence upon the part *470 of the plaintiff, the expression in the instructions in this case that unless the jury believed that the plaintiff, "at the time of the accident, was not using" due care, or reasonable and ordinary care, "in his own behalf", likewise fails to negative contributory negligence upon the part of the plaintiff. That the instructions were permissive, rather than binding, is of no consequence or importance with respect to the sufficiency of the language used to negative contributory negligence upon the part of the plaintiff. Language which is insufficient to negative contributory negligence in a binding instruction is equally insufficient for that purpose in a permissive instruction. The principle that an instruction which incorrectly states the law is an erroneous instruction and should be refused applies to any instruction without regard to its character as a binding or a permissive instruction. The failure of the defendant in this case to assign as error the omission from the challenged instructions of language which specifically negatives contributory negligence upon the part of the plaintiff, though amounting to a waiver of such error as a ground of reversal, does not prevent comment concerning the character of such instructions as correct or erroneous.
Prejudicial error resulted from the action of the trial court in giving the three instructions for the additional reason that those instructions are inconsistent with other instructions dealing with contributory negligence given by the court at the instance of the defendant. Notwithstanding the conflict arising from the instructions given by the trial court, the majority ignores such conflict and, instead of recognizing and giving effect to the error caused by the conflicting instructions and reversing the judgment on that ground, considers the conflict in the instructions as explanatory and corrective of the three erroneous instructions given at the instance of the plaintiff. With that conclusion I do not agree. Point 7, syllabus, Graham v. Wriston, W.Va., 120 S.E.2d 713; syllabus, Nichols, Adm'r. v. Raleigh Wyoming Mining Company, 113 W.Va. 631, 169 S.E. 451. This Court has repeatedly held that it is prejudicial error to give inconsistent instructions inasmuch as the jury is left to decide as to which theory of the law, as thus presented, is correct, and it is impossible for the court to determine upon what legal principle the verdict is founded. Zinn v. Cabot, 88 W.Va. 118, 106 S.E. 427; Penix v. Grafton, 86 W.Va. 278, 103 S.E. 106; Parkersburg Industrial Company v. Schultz, 43 W.Va. 470, 27 S.E. 255; McKelvey, Adm'x v. The Chesapeake and Ohio Railway Company, 35 W.Va. 500, 14 S.E. 261; McMechen v. McMechen, 17 W.Va. 683, 41 Am.Rep. 682.
Though the three challenged instructions were permissive instead of binding in character because each of them uses may instead of must in informing the jury as to its verdict, the effect of each instruction was to tell the jury erroneously that it could return a verdict in favor of the plaintiff if it believed that the negligence of the defendant, instead of being the proximate cause of, contributed proximately to, the injury, and, also erroneously, that it could return such verdict even though it may not have believed that the plaintiff was not guilty of contributory negligence. As to the effect of contributory negligence this Court, in its opinion in Graham v. Wriston, W.Va., 120 S.E.2d 713, used this language: "* * * if the plaintiff was guilty of negligence which proximately contributed to cause his injuries, it was the imperative, unqualified duty of the jury to return a verdict for the defendant." Manifestly any verdict authorized or induced by such flagrantly erroneous instructions as the challenged instructions given at the instance of the plaintiff is so utterly contrary to all applicable legal principles as to render it mandatory for any court to set aside such verdict.
For the reasons indicated, I dissent; and, because the three challenged instructions were prejudicially erroneous, I would reverse the judgment, set aside the verdict, and remand the case for a new trial.